MORTWEET, Appellant v. ETHAN BD. OF EDUCATION,
DAVISON CO., Respondent

(241 N.W.2d 580)

(File No. 11621. Opinion filed May 6, 1976)

**Ronald D. Olinger, Duncan, Olinger & Srstka,** Pierre, for appellant.

**Dennis R. Padrnos** and **Clyde E. Saukerson, Tinan, Carlson, Padrnos & Smith,** Mitchell, for respondent.

DUNN, Chief Justice.

The appeal from a decision of respondent Ethan Board of Education not to renew appellant Mortweet's teaching contract for the 1974-1975 school year was dismissed by the circuit court. Appellant appeals to this court contending that the trial court erred (1) in applying the wrong standard in reviewing the decision of the respondent board, and (2) in failing to find that the decision of respondent board was arbitrary, capricious, an abuse of discretion and unsupported by substantial evidence. We affirm.

Appellant was a first grade teacher in the Ethan Public School System. She had taught school in Ethan for seventeen years. On February 5, 1974, she received written notification from Bob Ruth, the superintendent of schools in Ethan, that he would not recommend to respondent board that she be rehired for the 1974-1975 school year. Mr. Ruth again wrote appellant on February 11th, setting out the reasons why she would not be recommended for rehiring. The reasons were as follows:

"1) Complaints of parents as stated in the evaluation file which seem to show the teacher to be insensitive towards the needs of students who are not 'average'.

"2) A reluctance on the part of the teacher to try new teaching methods or to use different techniques in her teaching.

"3) Observations seem to show the teacher is very insensitive to the feelings of her students as shown by her lack of confidentiality in discussing individual students.

"4) A lack of energy by the teacher to move around the room to give individual attention to the students."

Appellant was notified by respondent that her teaching contract would not be renewed for the 1974-75 school year. The reasons given were the same as those set out above. Appellant requested a hearing, and one was held before respondent on March 21, 1974. Respondent by a unanimous vote affirmed its decision not to renew appellant's contract.

On April 30, 1974, the decision of respondent was appealed to the circuit court pursuant to SDCL 13-43-10.1. The parties stipulated for the purpose of the appeal that the respondent had followed all procedures required by SDCL 13-43-9.1, 13-43-10 and 13-43-10.1. An evidentiary hearing was held in the circuit court on June 5, 1974. Both sides were given the opportunity to call witnesses and to cross-examine adverse witnesses. The court issued its memorandum decision on August 8, 1974. The court upheld the decision of respondent not to renew appellant's contract. It subsequently adopted respondent's findings of fact and conclusions of law. Appellant filed objections to respondent's findings and conclusions and also submitted findings and conclusions of her own which were refused.

SDCL 13-43-10.1 provides that a teacher aggrieved by a determination not to renew her teaching contract may appeal

pursuant to SDCL 13-46-1. That section of the Compiled Laws gives the teacher the right of appeal to the circuit court. Further, SDCL 13-46-6 states as follows:

> "The trial in the circuit court shall be de novo according to the rules relating to special proceedings of a civil nature so far as such rules are applicable and not in conflict with the provisions of this chapter and the court shall enter such final judgment or order as the circumstances and every right of the case may require and such judgment or order may be enforced by writ of execution, mandamus, or prohibition, or by attachment as for contempt."

Appellant contends that because she was entitled to a de novo trial in circuit court the respondent should prove its case against her by a preponderance of the evidence. The court in this case based its review upon SDCL 1-26-36. That section is part of the South Dakota Administrative Procedures Act and provides:

> "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Unsupported by substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

The question of the proper standard of review of a decision of a school board under SDCL 13-46-6 is not one of first impression in this case. In Dunker v. Brown County Board of Education, 1963, 80 S.D. 193, 121 N.W.2d 10, we held that the words "de novo" in SDCL 13-46-6 did not mean that a school board had to justify its decision in the circuit court by a preponderance of the evidence. In Dunker the court stated:

"Only when the legislative agency has acted unreasonably, arbitrarily, or has manifestly abused its discretion in exercising legislative authority may the courts interfere with the action of the county boards in this area. (citations omitted)

"The constitutional separation of powers cannot be done away with by legislative action. (citations omitted) Consequently, SDC 1960 Supp. 15.2023 and 15.2344 (which is now SDCL 13-46-6), providing for de novo trials when county school board matters are appealed to the circuit court may not be given a literal construction. To do so would be to presume that the legislature intended to confer upon the courts powers inconsistent with the discharge of their inherent judicial functions. This we may not do." 80 S.D. at 203-204, 121 N.W.2d at 17.

We are aware of the fact that in Dunker the decision of the school board involved the formation of school districts rather than a decision not to renew a teaching contract as is presented here. Appellant in her brief seeks to distinguish situations such as in Dunker where a purely legislative function is involved from the case at bar which she claims involves a quasi-judicial function of the respondent board.

We are unpersuaded that SDCL 13-46-6 should be read one way when the issue involves the formation of school districts and another way when the issue concerns the rehiring of a

tenured elementary school teacher. Under our law, the power to contract with teachers for employment is vested in the local school boards. See SDCL 13-43-4. The decision to renew or not renew this contractual relationship is vested with the local school boards and not with the judiciary. SDCL 13-43-9.1 through 13-43-10.1. In both Dunker and the case at bar, the respective school boards were exercising administrative functions granted to them by the legislature. It is not the function of a reviewing court to substitute its judgment for an administrative board when it is legitimately exercising administrative power. Application of Ed Phillips & Sons Company, 1972, 86 S.D. 326, 195 N.W.2d 400; McKinnon v. State Banking Commission, 1960, 78 S.D. 407, 103 N.W.2d 179.

A question similar to the one here was presented to the Supreme Court of Errors of Connecticut in Jaffe v. State Department of Health, 1949, 135 Conn. 339, 64 A.2d 330. There the Department of Health held a hearing and decided to revoke the appellant's certificate to practice medicine. Appellant argued that the reviewing court should substitute its own judgment for that of the department. The Connecticut Supreme Court rejected this contention.

> "Neither directly nor in the guise of an appeal can authority be vested in a court to determine upon its independent judgment the question whether or not a certificate should be revoked; the court can act only in so far as judicial questions are involved; and on appeal it can review administrative action only so far as to determine whether any illegality has entered into it. Where upon an appeal the court hears evidence it is solely for the purpose of determining that question, * * * *even where a statute required that an appeal should be tried de novo, we held that the court should make an independent inquiry into the facts but only for the purpose of* exercising that function." (emphasis supplied), 64 A.2d at 338.

It is our holding that the trial de novo required by SDCL 13-46-6 permits an independent inquiry into the facts, but only for

the purpose of passing on the legality of the board's decision. It does not mean that the court may substitute its judgment for that of the board or that the court must justify its decision by a preponderance of the evidence received in the trial de novo. While SDCL 1-26-36 does not specify that it applies to local governing boards, we hold that the trial court did not err in applying the standards of this statute to appellant's appeal from the respondent's decision not to renew her teaching contract.

■ Appellant's second point is that even if the court used the proper standard for review it erred in affirming the respondent's decision. Appellant alleges that the decision was not supported by substantial evidence, was arbitrary and capricious, and constituted an abuse of discretion. We have reviewed the entire record, and we find that there is substantial evidence to support respondent's decision. Although the charges that appellant was reluctant to try new teaching methods and did not move around the room enough are not well supported by the evidence, there is substantial credible evidence that appellant was insensitive to the feelings of her students, especially the "slower" students. We cannot find any indication from the record that the respondent's decision was arbitrary or capricious or an abuse of discretion. Absent any affirmative evidence to the contrary, we must assume that respondent acted in good faith. Schneider v. McLaughlin Independent School District (decided April 29, 1976), 90 S.D. 356, 241 N.W.2d 574; Apoian v. State, 1975, 89 S.D. 539, 235 N.W.2d 641.

The judgment of the circuit court is affirmed.

WINANS and WOLLMAN and COLER, Justices, concur.