Yvonne BÜSKER, Appellee,

v.

**The BOARD OF EDUCATION OF ELK POINT INDEPENDENT SCHOOL DISTRICT #61-3, OF UNION COUNTY, South Dakota, Appellant.**

No. 12609.

Supreme Court of South Dakota.

Argued Oct. 16, 1979.

Decided July 23, 1980.

Robert B. Frieberg, of Frieberg, Frieberg & Peterson, Beresford, for appellee.

Robert S. Golden, of Dana, Golden, Moore & Rasmussen, Sioux Falls, for appellant.

HENDERSON, Justice.

## ACTION

This is an appeal from a judgment of the Circuit Court of Union County which reversed the decision of the Board of Education of the Elk Point Independent School District No. 61–3 (appellant) not to renew the teaching contract of Yvonne Busker (appellee). We reverse. Hereinafter, appellant will be referred to as Board and appellee as Busker.

## FACTS

Busker was hired by the Board in 1974 as a mathematics instructor and taught in the Elk Point Public School System for three consecutive years. Her responsibilities included teaching several different high school-level mathematic courses, including algebra I and II, geometry, trigonometry, and senior math. During the 1976–77 school year, she was teaching six classes covering the aforementioned courses.

On March 17, 1977, Busker received a letter from the Board's president, Gerald Flannery, stating the Board's intention not to renew her contract for the 1977–78 school year. In response to a written request by Busker, the Board delivered a letter to her on March 23, 1977, stating that the basis for its intent not to renew her contract was incompetency in regard to her teaching responsibilities. Following an informal conference on March 31, 1977, the Board passed a motion not to renew Busker's contract for the 1977–78 school year. She was notified of this decision by a letter dated April 1, 1977. Subsequently, Busker requested and was granted a hearing before the Board. This hearing was held on April 21, 1977, and the Board affirmed its decision not to renew Busker's contract by a vote of six to one.

Pursuant to SDCL 13–46–6, the Board's decision was appealed to the circuit court on May 20, 1977. Busker stipulated, for purposes of appeal, that the Board had complied with all the statutory procedural requirements in regards to the non-renewal of her teaching contract. An evidentiary hearing was held in circuit court on August 19, 1977. The court found that the Board's decision not to renew the contract was arbitrary, capricious, and an abuse of discretion. Accordingly, judgment was entered which ordered that Busker was entitled to a teaching contract for the 1977–78 school year based upon the terms and conditions of her 1976–77 contract.

## ISSUE

Whether the trial court erred by substituting its own judgment for that of the Board when there allegedly was substantial credible evidence to support the Board's decision not to renew Busker's teaching contract.

## DECISION

### SCOPE OF REVIEW

■ A teacher who is adversely affected by a decision of a school board is entitled to an appeal before the circuit court for a trial de novo. SDCL 13–46–6. Rather than a true trial de novo, however, the appeal has the limited function of receiving evidence solely for determining the legality, and not the propriety, of the school board's decision. *Moran v. Rapid City Area School Dist.*, 281 N.W.2d 595 (S.D.1979). "Therefore, the judiciary may not invade the province of the school board's decision making unless such decision making is done contrary to law." *Id.* at 598. Being governed by the precedent of that case, we are limited to the question of whether the Board acted lawfully in reaching its decision.

■ The circuit court may reverse or modify the Board's decision if substantial rights of Busker have been prejudiced because the Board's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence on the whole record;

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

SDCL 1–26–36; *Huffman v. Bd. of Ed. of Mobridge Ind. Sch. Dist., Etc.*, 265 N.W.2d 262 (S.D.1978); *Mortweet v. Ethan Bd. of Ed., Davison Cty.*, 241 N.W.2d 580 (S.D. 1976).

The circuit court also must examine the procedural legality of the Board's action, i. e., whether the Board acted within the scope of its statutory authority and must determine if all procedural requirements contained in SDCL 13–43–9.1 through SDCL 13–43–10.1 were met. Since Busker has stipulated that all the necessary procedural steps were taken by the Board, this aspect of the Board's decision need not be reviewed.

The remaining question to be determined is whether the Board's decision was arbitrary, capricious, or an abuse of discretion. In determination of this issue, the circuit court must ascertain whether there is substantial evidence to support the Board's decision.[1] If substantial evidence is found, then the circuit court must conclude that the decision was not arbitrary, capricious or an abuse of discretion.[2]

## WAS THERE SUBSTANTIAL EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDINGS?

In this case, the trial court reversed the Board's decision not to renew Busker's teaching contract on grounds that the decision was arbitrary, capricious, and an abuse of discretion.

This conclusion stems from the lower court's finding of facts that the Board's decision was based upon Busker being associated with an anti-administration faction within the Elk Point School System. This faction, also referred to as the "coffee klutch," apparently consisted of several teachers who were sympathetic to John McIntosh, a high school teacher in Elk Point. Following an emotional and controversial hearing in December 1976 where the Board sought to discharge McIntosh, a dichotomy consisting of persons who were either pro-administration or anti-administration became apparent within the school system. It was this anti-administration affiliation of Busker's, and not her alleged teaching incompetence, that led the trial court to conclude that this was the basis for the Board's decision not to renew her contract. We disagree.

It should be noted that we are not bound by the presumption that the circuit court was correct. Our proper scope of inquiry into the Board's decision has the same purview as the court below. *Collins v. Wakonda Ind. School Dist. No. 1*, 252 N.W.2d 646 (S.D.1977); *Piper v. Neighborhood Youth Corps*, 241 N.W.2d 868 (S.D. 1976). The Board's decision in not renewing Busker's contract must be presumed to have been made in good faith. The burden is on Busker to overcome this presumption. *Collins*, supra. She has not met this burden and we find that there is substantial evidence to support the Board's decision not to renew Busker's contract for reasons of incompetency.

The Board's findings were based upon Busker's unsatisfactory performance in the following areas: (1) creating an appropriate classroom atmosphere; (2) developing student interest and attitudes; and

---

1. Substantial evidence means such relevant and competent evidence as a reasonable mind might accept as adequate to support a conclusion. *Application of Ed Phillips & Sons Company*, 86 S.D. 326, 195 N.W.2d 400, 405 (1972); *see also* SDCL 1–26–1(8).

2. We note that effective July 1, 1978, SDCL 1–26–36 was amended by replacing the "substantial evidence" test with the "clearly erroneous" test. However, the circuit court's trial in this case occurred on August 19, 1977, thus making the "substantial evidence" test the correct standard of review.

(3) possessing and demonstrating positive qualities of organization. These determinations were evidenced in large part by Busker's evaluation forms. These evaluations were prepared by the principals of Busker's school in the course of observing her classroom teaching performances.

Busker was formally evaluated each of the three years she taught in the Elk Point School System. During her first year (1974–1975), three evaluations were made by Principal Leon Swier; two evaluations were made by Principal Errol Johnson in each of the remaining two years (1975–76 and 1976–77). In each year Busker was criticized for her method of instructional organization. Several suggestions to improve her organizational deficiencies were given to her by Principals Swier and Johnson. These suggestions consisted primarily of adopting the following steps in presenting the material to her students: review the previous day's lesson; introduce and explain the day's lesson; summarize the current lesson in relation to real life problems; and conclude with a brief introduction to the next assignment. On three occasions Busker was criticized in her evaluations for failing to maintain classroom order by allowing students to randomly leave their seats without permission and place their feet on the desks. On her first evaluation she was told that improvement in classroom atmosphere would result in greater interest and better attitudes in her students. Busker's last evaluation in March of 1977 rated her unsatisfactory in regards to these criticisms. Busker's own testimony reflects that she did not take the suggested corrective measures but willfully refused to comply, stating that her methods of teaching were better. It was not until after her last evaluation that by letter she promised she would follow the teaching procedures prescribed by her evaluators.

At the April 19, 1977, hearing, Superintendent Swier (who was Busker's principal during 1974–75) indicated that he felt Busker was not a good math teacher. He also mentioned that he had received complaints from parents each of the three years Busker had been teaching in Elk Point. These complaints dealt with her classroom performance, specifically, that their children seemed unable to grasp the material under her instruction. At trial, Swier also stated that at least a dozen students of Busker had come to him for help in their assignments, many of them stating how difficult the material was to understand in class.

In 1975, then Principal Swier recommended that Busker's teaching contract be renewed "with reservation." Principal Johnson recommended her contract renewal "without reservation" in 1976, but "with reservation" in 1977.

The above renunciation of the negative aspects of Busker's teaching methods is tempered somewhat by other evidence. Both Superintendent Swier and Principal Johnson testified at trial that Busker devoted numerous hours helping individual students outside of class. Also, Swier stated at trial that the greatest number of complaints received concerning her teaching performance was in her first year.

When a court is determining whether to reverse an agency decision, the standard is not whether there is evidence contrary to the agency's findings, but rather whether there is substantial evidence to support it. *Application of Ed Phillips & Sons Company*, 86 S.D. 326, 195 N.W.2d 400 (1972). In the present case, Busker has consistently demonstrated her inability to effectively teach her students. Six out of seven evaluations made on Busker during the three school years in question criticized her for deficiencies in classroom environment and teaching procedures. Complaints were received by parents and students alike on Busker's teaching ability.

Despite the apparent adhesion of Busker to the anti-administration faction in the Elk Point School District, we cannot agree with the circuit court that there is not substantial evidence to support the finding of the Board. Busker has not met her burden of overcoming the presumption that the Board acted in good faith. *Collins*, supra. Due to the sufficiency of evidence indicating the incompetency of Busker, the Board acted

lawfully in exercising its administrative power, hence, we will not supplant their legitimate decision not to renew Busker's teaching contract.

We hold that the non-renewal of Busker's teaching contract by the Board was not arbitrary, capricious, or an abuse of discretion and was supported by substantial, credible evidence. The judgment of the circuit court is reversed.

All the Justices concur.