Lloyd DALE, Appellant,

v.

**BOARD OF EDUCATION, LEMMON IN-DEPENDENT SCHOOL DISTRICT 52-2, Appellee.**

No. 13369.

Supreme Court of South Dakota.

Argued Sept. 29, 1981.

Decided Feb. 17, 1982.

Dennis W. Finch of Finch & Viken, Rapid City, for appellant.

Ronald R. Johnson of Johnson & Kelley, Lemmon, for appellee.

FOSHEIM, Justice.

Mr. Lloyd Dale appeals from a circuit court judgment affirming the Lemmon School Board's (Board) decision not to renew his teaching contract. We affirm.

Appellant taught biology and other science subjects for the Lemmon School system for seventeen years prior to the refusal to renew. From 1974 through the Spring of 1980, the Board received written and verbal complaints from parents and students about appellant's teaching, i.e., objections to his introduction of creationism or religion into his biology class and failure to cover basic biology principles. The year the complaints started coincides with the time appellant began to introduce the creationist theory of the origin of life into his biology teaching. It is undisputed that the Board regarded appellant as an outstanding science teacher up to that time.

The Board was concerned that in the past few years appellant's discussion of the theories of creation and evolution had taken away from time available for teaching basic biology; that the theories of creation and evolution were not really necessary course content in a sophomore high school biology class; and that there was a danger of violating the Establishment Clause because of the religious overtones and basis of the creationist materials appellant had introduced into his class. In the Spring of 1979, in an attempt to correct this situation, the Board established a textbook committee which selected a biology text for appellant to use in the coming school year and in August of 1979 the Board established guidelines for appellant to follow in teaching his biology class. The guidelines specifically allowed the appellant up to one week of class time to teach the theories of evolution or creation. The guidelines also allowed appellant, throughout the school year, to contrast evolutionary theories presented in the biology text with an explanation, in a summary manner, of the creationist viewpoint on the subject. Appellant was notified by the attorney for the Board that failure to comply with the guidelines was grounds for nonrenewal of his teaching contract. The Board met a number of times with appellant before and during the 1979–80 school year to explain the guidelines and to insure that appellant taught what they considered to be basic biology.

In the Spring of 1980, the Board decided not to renew appellant's contract after determining that he violated the guidelines by failing to spend enough time teaching basic biology and by persisting in spending too much time discussing the theories of creation and evolution. Appellant disputes these charges, asserting that his teaching did not violate the guidelines.

All statutory procedural requirements for the nonrenewal proceedings were met.

Appellant claims the circuit court failed to apply the correct standards of review, as

listed in SDCL 1–26–36[1] of South Dakota's Administrative Procedure Act (APA), to the Board's decision not to renew his contract. The Board counters that the circuit court correctly applied the APA standards, which standards are commonly used by circuit courts in reviewing school board decisions in appeals de novo. The Board notes, however, that this court has never expressly ruled whether their use is appropriate. The Board prays for direction in the matter since a school board is a unit of local government and thus excluded from the APA's definition of "agency." SDCL 1–26–1(1).[2] We accede to that request.

█ The exemption of "any unit of local government" from the SDCL 1–26–1(1) "agency" definition and a specific statutory procedure for school boards to follow in contract nonrenewal cases indicates a legislative intent that the procedural requirements of the APA do not apply to school board matters. Such nonrenewal procedures are governed by SDCL ch. 13–43 and an aggrieved teacher has a right to appeal a school board's decision to the circuit court pursuant to SDCL ch. 13–46. SDCL 13–46–7 provides for appeal from the circuit court to this court.

█ This court recognizes that the "power to contract with teachers is vested in the school board and the decision to renew or not renew a teacher's contract is not one for the judiciary." *Moran v. Rapid City Area Sch. Dist.*, 281 N.W.2d 595, 598 (S.D.1979). The type of de novo hearing in the circuit court is thus limited in nature, for this court has stated:

The constitutional separation of powers cannot be done away with by legislative action. (citations omitted). Consequently, SDC 1960 Supp. 15.2023 and 15.2344 (which is now SDCL 13–46–6), providing for de novo trials when county school board matters are appealed to the circuit court may not be given a literal construction. To do so would be to presume that the legislature intended to confer upon the courts powers inconsistent with the discharge of their inherent judicial functions. This we may not do.

*Mortweet v. Ethan Bd. of Ed., Davison City*, 90 S.D. 368, 241 N.W.2d 580, 582 (1976) (quoting *Dunker v. Brown Co. Bd. of Ed.*, 80 S.D. 193, 203–204, 121 N.W.2d 10, 17 (1963)); *Tschetter v. Doland Bd. of Ed.*, 302 N.W.2d 43 (S.D.1981); *Moran, supra.*

In *Mortweet, supra,* we held:

[T]he trial de novo required by SDCL 13–46–6 permits an independent inquiry into the facts, but only for the purpose of passing on the legality of the board's decision. It does not mean that the court may substitute its judgment for that of the board or that the court must justify its decision by a preponderance of the evidence received in the trial de novo.

*Id.* 241 N.W.2d at 582–83.

We noted in *Mortweet* that it was not error for the circuit court to apply the standards of review set forth in SDCL 1–26–36 of the APA, and as recently as the *Tschetter* case, *supra,* we have applied them, albeit without discussing the propriety of doing so. While the procedural re-

---

1. SDCL 1–26–36 reads:

The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Clearly erroneous in light of the entire evidence in the record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

A court need not enter its own findings of fact and conclusions of law but may affirm, modify or reverse the findings and conclusions entered by the agency as part of its judgment. The circuit court may award costs in the amount and manner specified in chapter 15–17.

2. The 1977 Amendment to SDCL 1–26–1(1) provides for such exemption. S.L.1977, ch. 13, § 1.

quirements of the APA do not apply to school board decisions, we now specifically hold that on an appeal to the circuit court, pursuant to SDCL 13–46–6, the doctrine of separation of powers limits the scope of review to that provided in SDCL 1–26–36.

What, then, is the proper scope of review by this court on an appeal from the circuit court pursuant to SDCL 13–46–7?[3] That statute allows: "An appeal from any such final judgment or order [of the circuit court] may be taken to the Supreme Court within sixty days after written notice thereof shall have been given to the party desiring to appeal, which appeal shall be perfected, heard, and *determined* as other appeals in civil cases." (Emphasis supplied.) In civil cases, SDCL 15–6–52(a) limits our determination to whether the circuit court's findings are clearly erroneous and thus defines our scope of review under SDCL 13–46–7. *Schneider v. McLaughlin Ind. Sch. Dist.*, 90 S.D. 356, 241 N.W.2d 574 (1976).[4] Although the circuit court's scope of review is limited to the standards enumerated in SDCL 1–26–36, the last paragraph of that statute,[5] excusing the trial court from entering its own findings of fact and conclusions of law, cannot apply to appeals heard pursuant to SDCL 13–46–6 as

the school board enters no findings of fact or conclusions of law for the trial court to affirm, modify, or reverse. It therefore remains necessary for the circuit court to enter findings of fact and conclusions of law in cases appealed under SDCL 13–46–6,[6] since we must have the circuit court's findings in order to apply the SDCL 15–6–52(a) clearly erroneous test.

Returning to appellant's first issue, he specifically argues that the circuit court in its memorandum decision erroneously used the substantial evidence standard of review. Appellant argues this was the standard stated in SDCL 1–26–36(5) prior to its amendment in July 1978, and that now "clearly erroneous" is the correct standard. Appellant's argument is without merit as " '[i]t is now well settled in this state that the memorandum opinion is not material and is of no binding force and effect as a matter of law either upon the trial judge himself or anyone else.' "[7] *Sneesby v. Davis*, 308 N.W.2d 565, 567 (S.D. 1981) (quoting *Christiansen v. Strand*, 82 S.D. 416, 420, 147 N.W.2d 415, 417 (1966)). Furthermore the trial court's third Conclusion of Law specifically states that "[t]he Board's decision was not clearly erroneous."

3. In a case governed by the APA, this court's scope of review is expressed by SDCL 1–26–37: "An aggrieved party or the agency may obtain a review of any final judgment of the circuit court under this chapter by appeal to the Supreme Court. The appeal shall be taken as in other civil cases." Under that statute this court applies the same standards of review (SDCL 1–26–36) to the agency's decision as did the circuit court unaided by any presumption that the circuit court's decision was correct. *In re South Lincoln Rural Water System Application for Permit No. 4300–3*, 295 N.W.2d 743 (S.D.1980); *Piper v. Neighborhood Youth Corps*, 90 S.D. 443, 241 N.W.2d 868 (1976).

4. We realize that review defined by SDCL 15–6–52(a) is contrary to *Tschetter, Moran* and *Busker v. Bd. of Ed. of Elk Point*, 295 N.W.2d 1 (S.D.1980). These cases ultimately relied on *Collins v. Wakonda Ind. Sch. Dist. No. 1*, 252 N.W.2d 646 (S.D.1977). But *Collins* was based on an incorrect reading of *Mortweet*, for *Mortweet* cited *Schneider* which specifically cited SDCL 15–6–52(a) for the basis of its decision upholding the circuit court's findings.

5. The last paragraph of SDCL 1–26–36 reads:

A court need not enter its own findings of fact and conclusions of law but may affirm, modify or reverse the findings and conclusions entered by the agency as part of its judgment. The circuit court may award costs in the amount and manner specified in chapter 15–17.

6. This court has relaxed the requirement of findings in an appeal under SDCL 13–46–6 only when there were no factual issues involved and the appeal was heard on a stipulated record. *Nelson v. Deuel Co. Bd. of Ed.*, 80 S.D. 559, 128 N.W.2d 554 (1964).

7. SDCL 15–6–52(a) was amended by Supreme Court Rule 81–3, effective July 1, 1981, to allow this court to consider a memorandum opinion if it was filed and included by reference in the trial court's findings of fact and conclusions of law. In this case the trial court's memorandum opinion was not incorporated into its findings of fact and conclusions of law.

■ The next issue is whether appellant's right to a fair hearing before the Board was violated because Ms. Berg, the school board president throughout the nonrenewal process, testified at the final Board hearing. The circuit court found no evidence of bias in the Board's proceedings and concluded the appellant's substantive due process rights were not violated. Appellant refers to the hearing held pursuant to SDCL 13–43–10.1, and contends that by testifying at the 10.1 hearing Ms. Berg showed an actual bias against the appellant which influenced the other Board members' decision not to renew his contract. We note that Ms. Berg stepped down as presiding officer for the 10.1 hearing and took no part in the final discussion or vote not to renew appellant's contract.

■ Appellant has a due process right to a fair hearing before the school board, but he must "prove the existence of actual bias in contravention of [his] constitutional due process rights before this court will be willing to tamper with the decision of the school board, a duly elected body with the statutory authority and responsibility to govern the affairs of the school district." *Moran*, 281 N.W.2d at 600 (citations omitted). In *Schneider, supra,* we said:

If the requirements of a fair tribunal include the condition that the members of the board must have had absolutely no prior knowledge of the facts that might make it advisable not to renew a teacher's contract and that they must have not discussed the matter and not have formed at least some tentative opinion that the teacher's contract not be renewed prior to the conference with the teacher, then as a practical matter the nonrenewal provisions of the continuing contract law are not available to a school board. We conclude that it is sufficient to meet the requirements of a fair tribunal that the board base its decision upon competent, credible evidence and that there be no evidence of actual bias toward the teacher whose contract is not being renewed. Any other holding would require that the post-notice conference be conducted by an independent hearing examiner or board. We agree with the Court of Appeals for the Second Circuit that such a constitutional rule is neither desirable nor necessary.

241 N.W.2d at 577. SDCL 13–43–10.1 provides that "the board shall state the reasons for its determination" and that "[a]t such hearing the teacher and the board . . . shall have full opportunity to present all relevant evidence." A review of the transcript of the 10.1 hearing clearly shows that Ms. Berg's testimony was introduced to apprise appellant of the reasons it sent him notice of their intent not to renew his contract. The only voting board member called as a witness at the trial was Mr. Petick but he was not questioned on bias. We conclude the circuit court's finding that there was no evidence of bias is not clearly erroneous.

■ Appellant next claims the circuit court should have found in his favor as a matter of law, pursuant to SDCL 1–26–36(1), because the Board failed to follow its evaluation policy by not evaluating him within the requisite time period. The Board's evaluation policy states that teachers, other than first and second year teachers, will be formally evaluated every third year and the purpose of the evaluation is "for the improvement of the quality of instruction." We recognize that once the school board has duly adopted a rule or regulation it has the force of law. *Schnabel v. Alcester School Dist. No. 61–1*, 295 N.W.2d 340 (S.D.1980). Appellant's last formal evaluation was on May 20, 1977. He was due for another formal evaluation by May 20, 1980. The Board decided not to renew appellant's contract in April of 1980. There was therefore no need to evaluate appellant by May of 1980.

■ Appellant asserts that he should have nevertheless been evaluated because the purpose of an evaluation is to provide teachers with ideas to improve their performance and the Board apparently thought he was not doing a good job. Appellant seemingly urges that until the 10.1 hearing he was ignorant of the causes of the Board's concern with his teaching performance. This is belied by the record.

From the Spring of 1979 through the Spring of 1980, appellant met numerous times with the Board and had a number of discussions with school administration officials concerning how he taught biology. We believe appellant was fully cognizant of the Board's concerns.

■ Appellant next argues that the circuit court incorrectly found that he failed to teach biology in an adequate manner and in conformity with Board policies and guidelines. The circuit court found that the Board failed to renew appellant's contract for the above reasons and upheld the Board's decision because it did not violate the provisions of SDCL 1–26–36(1)–(6). We are at a loss to understand the appellant's objection to the court's finding as it is taken from his proposed findings of fact No. 14.

Appellant next contends that the circuit court erred in concluding that the Board's nonrenewal of his contract was not arbitrary, capricious or an abuse of discretion. Appellant argues that there is nothing in the record except the complaints of a few students, some of whom changed their minds later, supporting the allegation that he did not teach basic biology.

The circuit court's findings of fact show more than student complaints as a basis for its conclusion. The circuit court found that beginning in 1974 complaints were received that appellant spent too much time discussing the theories of creation and evolution; that the Board and appellant met five times in 1979 and twice in 1980 to work out guidelines for the teaching of biology and to limit the time he spent on the conflict he perceived between the theories of creation and evolution; and that during these meetings the Board specifically identified chapters in the biology textbook which they wanted emphasized. The record shows that the Board wanted to insure that appellant covered the chapters on cell structure, plants, and genetics, among others, considering them basic to biology instruction. There is a further finding that the Board advised appellant several times in writing that they were concerned that the time he spent on the differences between the theo-

ries of creation and evolution was detrimental to his students as it diminished available basic biology instruction time. The circuit court further found that the Board did not forbid appellant from discussing the differences between the theories of creation and evolution, but that the Board objected to the excessive time he spent on that subject. The circuit court also found that at the 10.1 hearing appellant informed the Board that he would not follow its direction on how to teach biology. We hold that the circuit court's findings are not clearly erroneous and adequately support its conclusion that the Board's decision was not arbitrary, capricious or an abuse of discretion.

■ Appellant next contends that the circuit court erred by admitting and considering evidence of complaints about him made prior to the 1979–80 school year. The appellant argues that teachers' contracts are either renewed or not renewed on an annual basis and therefore prior complaints are not relevant. This argument is without merit. *See Busker v. Bd. of Ed. of Elk Point*, 295 N.W.2d 1 (S.D.1980). There is a common thread to the complaints received about appellant's teaching from 1974 to the time of the 10.1 hearing in the Spring of 1980. The circuit court found that the Board considered prior complaints at the 10.1 hearing for the bearing they might have on appellant's ability to teach basic biology and to follow the Board's guidelines thereafter. We believe it was proper to consider such evidence for that purpose.

■ The final issue is whether appellant's discussion of the theories of creation and evolution were protected by constitutional guarantees of freedom of religion and speech. Counsel conceded in argument that this issue, as briefed, is "somewhat" abandoned but that he felt "there may be some underlying issue here" concerning freedom of religion. It is the responsibility of appellant to point out how his constitutional rights have been violated. It appears from his proposed finding of fact No. 14, *supra*, that he believed the reason for his nonrenewal was that the Board felt he was not teaching basic biology. We are especially at loss to follow appellant's position on this issue since he also contends the

Board did not prove that creationism is a religious theory. We accordingly decline to further consider this issue.

Affirmed.

WOLLMAN, C. J., and DUNN and MORGAN, JJ., concur.

HENDERSON, J., concurs in part, dissents in part.

HENDERSON, Justice (concurring in part, dissenting in part).

## CURRICULUM DETERMINATION

Finding of Fact IX entered by the circuit court specifies: "Mr. Dale at the final hearing informed the Board that their wishes would not be followed." The school board is in charge of the curriculum—not the teacher. SDCL 13–8–39; SDCL 13–34–11; SDCL 13–43–7. In a case involving biological sciences, the Seventh Circuit Court of Appeals upheld an Illinois University's right to determine the proper content of a course. *Clark v. Holmes*, 474 F.2d 928 (7th Cir. 1972), cert. denied, 411 U.S. 972, 93 S.Ct. 2148, 36 L.Ed.2d 695 (1973). A public school teacher is not free to disregard the prescribed curriculum. This includes a question of religious belief. *Palmer v. Board of Education of City of Chicago*, 603 F.2d 1271 (7th Cir. 1979).

This is not just a legal struggle between a teacher and a school board. The best interests of the students and patrons must be considered. Basic biology was the course of study and basic biology was to be taught. Although instructed to have lesson plans, Mr. Dale did not comply. The biology students were allowed to vote on subjects to be covered. After three quarters of instruction had ensued in 1980, Mr. Dale had not covered the basic biology subjects appearing in chapters 4, 5, 7, 8 and 9 through 20 of the text to which the school officials had directed him to teach. Mr. Dale admitted this. In an effort to assist Mr. Dale in meeting a joint obligation to the students and school patrons, the school board attempted with his cooperation to work out guidelines covering basic biology. These guidelines served an important purpose in assuming due process, fair play and notice

of defects in teaching skills he needed to remedy. *See Ferguson v. Thomas*, 430 F.2d 852 (5th Cir. 1970). Mr. Dale refused to improve himself as a teacher, and also refused to follow the guidelines. This was substantiated by the circuit court's Finding of Fact IX. *See Fries v. Wessington School District No. 2–4*, 307 N.W.2d 875 (S.D.1981). Therefore, I would uphold the board in its decision to not renew Mr. Dale's teaching contract.

## CONSTITUTIONAL RESTRAINTS

Essentially, Mr. Dale wanted to be a preacher, not a teacher. This is intolerable in a classroom under our state law, state constitution, and federal constitution. SDCL 13–33–9; SDCL 13–43–7; South Dakota Constitution Art. VIII, § 16; *School District of Abington Township, Pennsylvania v. Schempp*, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963).

## SCOPE OF REVIEW

### A. CIRCUIT COURT

In spirit, and in verbiage, I adopt the language of the previous decisions of this Court on a circuit court's scope of review of a decision by a school board. I specifically allude to *Mortweet, Busker, Tschetter* and *Moran*. Obviously, if this Court previously blessed the usage of the APA standards by the circuit courts as a basis of review, then this Court believed such standards were "appropriate." Therefore, the technical dissertation by the majority opinion (in an attempt towards scholastic refinement and differentiation) is legal folderol. I still believe the law to be: "Rather than a true trial de novo, however, the appeal [to the circuit court] has the limited function of receiving evidence solely for determining the legality, and not the propriety, of the school board's decision." *Busker* at 2, citing *Moran*.

This Court has repeatedly held, in a series of school board cases, that the doctrine of separation of powers limits the scope of review under the APA. Thus, for this Court to now say "We specifically hold, etc." this very same principle, as though it were a manifest declaration of a previously

unknown truth, beclouds by inference our former decisions—as if somehow those decisions were vague on that particular point. Those previous decisions were most explicit and emphatic on the doctrine of separation of powers. In my opinion, they are still good law in this state.

## B. SUPREME COURT

When a circuit court enters its findings of fact and conclusions of law based upon a de novo trial, they must be restricted to the legality of a school board's decision. Under the APA as now amended, the clearly erroneous test must be used by the circuit court when confronted with an evidentiary dispute. Further, I want it understood that this Justice still adheres to the following principle: "It should be noted that we [the Supreme Court] are not bound by the presumption that the circuit court was correct. Our proper scope of inquiry into the Board's decision has the same purview as the court below." *Busker* at 3, citing *Collins v. Wakonda Ind. School Dist. No. 1*, 252 N.W.2d 646 (S.D.1977).

It is, indeed, difficult to determine if a given board was clearly erroneous when there is no transcript for a circuit court to review. Although the circuit court, in all probability, will not have a verbatim record of the board's proceedings, it will have papers, documents, evaluations, exhibits, and written evidence to consider. Thus, it receives evidence to reconstruct the record which was before the board for the limited purpose of determining the legality of the board's decision.

The majority decision would require a circuit court to enter findings of fact and conclusions of law. I have no quarrel with such edict. However, I want my viewpoint understood: a circuit court's findings of fact and conclusions of law must be restricted to the legality of a school board's decision. And the basic question before the circuit court would be: was the board's action legal? This Court cannot, in my opinion, then say: was the circuit court's action "clearly erroneous?" Rather, it must likewise confront itself with the very same question as the circuit court: was the board's action legal?

I dissent on the scope of review as I fear that the South Dakota judiciary will go into uncharted, unwanted, and unconstitutional waters concerning the propriety of a school board's decision. The majority opinion is a radical departure from the settled law of this state on teacher-school board decisions. It shatters previous precedent. I fear this evolution of change, which seems spasmodic, in these teacher-school board cases. When will we ever be able to assure trial counsel, school boards, and teachers of this state that, indeed, here is the law? I yearn for stability in this area of the law.

The majority opinion adopts the APA standards, yet expresses that this case does not fall under the APA. A theoretical inconsistency exists. Above all, I fear a judicial invasion into the doctrine of separation of powers and the province of a school board to make a decision, providing it is done in accordance with law. A school board's good judgment is not in question. Only the legality of the school board's decision is in question. I would not permit a circuit court nor the Supreme Court to run the schoolhouse. The majority opinion on the scope of review vests too much power in the judicial branch of government. Less than one year ago in *Tschetter* at 46, this Court held with regard to the very same statutes herein involved: "The proper scope of review for this court is the same as that of the trial court. We are not bound by a presumption that the trial court's decision is correct." I agree with what we said then and not with what we say now.

Reference is made to *Busker* at 3, n. 2. *Busker* was decided under the "substantial evidence" test and not the "clearly erroneous" test as the clearly erroneous test was not in effect at the time the circuit court therein conducted its de novo trial. *Busker* was decided correctly and under the very test then applicable. If the majority opinion is saying in footnote 4 that the clearly erroneous test should have been used in *Busker*, then I disagree with said footnote.