Dennis **MAASJO**, Appellee,

v.

**McLAUGHLIN SCHOOL DISTRICT # 15–2**, Appellant.

Nos. 17665, 17673.

Supreme Court of South Dakota.

Considered on Briefs April 22, 1992.

Decided Aug. 12, 1992.

MILLER, Chief Justice.

McLaughlin School District (District) appeals from circuit court's order which reversed a decision by the school board (Board) to terminate Dennis Maasjo's superintendent's contract. We reverse.

## FACTS

On May 21, 1989, Board offered Maasjo a superintendent's contract. On May 22, 1989, Maasjo executed a written contract of employment with Board. Under the contract, Maasjo agreed to act as Superintendent of the McLaughlin Public Schools for the 1989–90 and 1990–91 school terms. Maasjo had not received his South Dakota teaching certificate at this time. The president of Board executed the contract on June 12, 1989.

At the time Maasjo was offered the contract, he was certified to be a superintendent in the states of Montana and North Dakota. On June 12, 1989, the South Dakota Board of Education certified Maasjo as a secondary school *principal;* however, he was informed at that time that he would have to complete an additional six credit hours of post-graduate courses in school administration to become certified as a *superintendent* in this state.

Thereafter, on July 20, 1989, Maasjo prepared an "Application for Authority to Act"[1] as superintendent for the 1989–90 school year. The application also set forth a plan of courses which Maasjo had to follow to become certified. The completion date for the courses was listed as "summer '90."

On July 20, 1989, Board's president, Wallace Schott, signed the application which was then approved by Dr. Henry Kosters, the State Superintendent of the South Dakota Board of Education. The State Board of Education's approval authorized Maasjo

Wayne F. Gilbert of Johnson Huffman, P.C., Rapid City, for appellee.

Ronald R. Johnson, Lemmon, for appellant.

---

1. Administrative Rule 24:02:02:02.02 provides: *Application for authority to act.* An authority to act, valid for one year or less, may be issued at the request of a school administrator to provide temporary certification for a person who has a certificate but is not fully qualified for the assignment. The application shall be made on a form provided by the division of education.

 An authority to act may not be extended unless the person for whom it was granted has completed the course work agreed upon in the application.

to serve as superintendent only for 1989–90 school term.

At a board meeting in January or February of 1990, Maasjo requested leave to attend summer school for "continuing education." On April 9, 1990, *Board first became aware that Maasjo was operating under an Authority to Act.* It denied his request for leave.

On April 16, 1990, Board voted to terminate Maasjo's contract because he was not "certified" to be the superintendent for the two-year term of the contract. On April 17, 1990, Board sent Maasjo a notice which stated that it did not intend to renew his contract for the 1990–91 school term. The notice also stated that Board had only recently learned that Maasjo was not "fully certified" for the superintendent's position, and that it would "require extensive absence from duties" for Maasjo to become certified. The notice also provided that his lack of certification and the expiration of his Authority to Act "may constitute plain violation of contract and incompetence" and subjected him to dismissal. The notice provided Maasjo the opportunity to answer and present evidence or a statement on his behalf at a Board meeting April 25, 1990.

On April 25th, Board held an informal hearing in executive session pursuant to SDCL 13–43–10.2. Board's president, Wallace Schott, testified under oath that he signed and dated Maasjo's application on July 20, 1989, but that he was unaware the application was for Maasjo.[2] Board then went into executive session and discussed the matter. Board voted not to renew Maasjo's contract and to dismiss him when his authority to act expired.[3] The transcript from this hearing is included in the record.

Maasjo appealed Board's decision and the circuit court held a limited de novo hearing. At this hearing, the court heard additional testimony from past and current board members. The court filed a memorandum decision and entered findings of fact and conclusions of law in which it concluded that Board had acted arbitrarily and capriciously and contrary to law in not renewing Maasjo's contract. The court also concluded that Board's decision to terminate Maasjo was clearly erroneous and that Board had breached the contract. The court entered judgment in favor of Maasjo and against District for the amount of the 1990–91 contract salary plus interest. District appeals from this decision.

## DECISION

### Standard of Review

■ Recently, we set forth the standard of review in an appeal from a circuit court order which reversed a school board decision:

Under the applicable rules of appellate procedure, we must affirm the circuit court unless its determinations are clearly erroneous. [citations omitted] Therefore, the question is not whether substantial evidence in the record supports [the decision of] *Board,* but whether substantial evidence in the record supports [the decision of] the *circuit court.*

*Kellogg v. Hoven Sch. Dist. No. 53–2,* 479 N.W.2d 147, 150 (S.D.1991) (emphasis in original). We now clarify that this is the appropriate standard of review when there is essentially no record for the circuit court to review. In *Kellogg,* Board held no formal hearing and made no findings of fact or conclusions of law. The only written record of Board's deliberations was the minutes of the meetings and a one-page letter to Kellogg denying his petition.

■ In contrast, in this case, Board's April 25, 1990, meeting was transcribed by a court reporter, the witnesses were sworn, and evidentiary objections were made. Board did not enter findings of fact or conclusions of law, but it did inform Maasjo of its decision by letter on May 3, 1990. The testimony at the circuit court's de novo hearing was merely for "supplementing of the record." Both parties agreed that they should not present testimony that had al-

---

**2.** In fact, there was some allegation that he signed the application in blank.

**3.** After his termination, Maasjo completed his course work and received his Superintendent's endorsement.

ready been presented at the Board hearing. Additionally, the trial court stated: "Well, the only evidence I intend to hear today is evidence concerning the legality of Board's decision. I do not intend to substitute myself for the Board[.]"

In *Kellogg*, we stated: " '[O]n appeal to the circuit court, pursuant to SDCL 13–46–6, the doctrine of separation of power limits the scope of review to that provided in SDCL 1–26–36.' " 479 N.W.2d at 149 (quoting *Dale v. Bd. of Educ.*, 316 N.W.2d 108, 112 (S.D.1982)). SDCL 1–26–36 provides:

> The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. *The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:*
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Clearly erroneous in light of the entire evidence in the record; or
>
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
>
> A court shall enter its own findings of fact and conclusions of law or may affirm the findings and conclusions entered by the agency as part of its judgment. The circuit court may award costs in the amount and manner specified in chapter 15–17. (Emphasis added.)

In other words, the scope of review is limited to determining the legality of the school board's decision. *Moran v. Rapid City Area Sch. Dist.*, 281 N.W.2d 595 (S.D. 1979). ' "[T]he trial de novo required by SDCL 13–46–6 permits an independent inquiry into the facts, but only for the purpose of passing on the legality of board's decision." ' *Dale, supra* at 111 (quoting

*Mortweet v. Ethan Bd. of Ed., Davison Cty.*, 90 S.D. 368, 373–74, 241 N.W.2d 580, 582 (1976)). "The circuit court must determine (1) whether the board possessed the administrative power to make the decision (which is not in issue here), and (2) whether the board acted unreasonably or arbitrarily, or whether the board manifestly abused its discretion." *Lantz v. Chamberlain Indep. Sch. Dist. #1*, 254 N.W.2d 155, 158 (S.D.1977).

■ In this case, the circuit court entered Conclusion of Law IV, which stated: "Insofar as the Board decided not to renew the contract between the parties, the action of Board was arbitrary, capricious, and otherwise contrary to law." Under *Moran*, this is a determination that Board acted illegally. "In determining whether the school board's decision was arbitrary, capricious or an abuse of discretion, the circuit court must ascertain *whether there is substantial evidence to support the school board's decision.*" *Moran*, 281 N.W.2d at 599 (emphasis added). Substantial evidence means such relevant and competent evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* We must determine whether Board was clearly erroneous by examining the evidence supporting its decision.

### I.

Whether Board's decision was clearly erroneous, arbitrary, capricious, or an abuse of discretion.

■ With the scope of our review in mind, we turn to Board's decision. On April 17, 1990, Board sent Maasjo a notice that his contract would terminate at the expiration of the authority to act. The letter stated in pertinent part:

> Your contract as superintendent of McLaughlin School District No. 15–2 was valid only for one school year because of lack of superintendent endorsement to your South Dakota Teachers Certificate effective for the stated two year term of your contract. Your contract terminates as a matter of law at the expiration of your authority to act for the 1989–1990

school term. You are notified that the school board of McLaughlin School District 15–2 intends not to renew your contract for the 1990–1991 school term. You are entitled to the informal private conference in executive session provided by SDCL 13–43–10.2.

Your present contract was signed with thee (sic) understanding that you were fully certified for thee (sic) position. Thee (sic) board recently learned that you are not and that you will require extensive absence from duties and must successfully complete courses extending into thee (sic) next contract year if you are to be certified. This and thee (sic) expiration of your authority to act may constitute plain violation of contract and incompetence and subjecting you to dismissal.

At the time Maasjo signed the contract, he was not qualified to be superintendent as he was lacking the superintendent's endorsement. The record reveals that Board's members had no knowledge at the time the contract was signed that Maasjo was without his superintendent's endorsement.

SDCL 13–10–2.1(1) provides:

Each school district shall employ qualified administrators to serve in the following capacities:

(1) A *qualified* superintendent who has a *superintendent's endorsement* on a valid certificate and who shall have time to properly administer the school system. A superintendent may be assigned teaching duties or other administrative duties as determined by the Board. (Emphasis added.)

SDCL 13–42–1 provides:

No person may teach or administer in any of the public schools of this state or draw wages as a teacher, principal, or superintendent who does not have a certificate issued by the secretary of the department of education and cultural affairs *authorizing the person to teach or administer in the school or field for which he was employed.* (Emphasis added.)

The South Dakota Administrative Rules provide that the State Board of Education will issue a single basic teacher certificate. ARSD 24:02:01:01. The type of certification will be indicated by endorsements under five specific areas. *Id.* At issue in this case is the third area "Educational staff assignments." ARSD 24:02:01::01.03(1) provides that the certificate should reflect that the teacher is qualified to be superintendent. ARSD 24:02:03:14 sets forth the requirements to receive a superintendent endorsement:

The requirements for the superintendent endorsement are as follows:

(1) A master's degree plus 15 semester hours from a college or university approved for teacher education;

(2) An elementary or secondary certificate;

(3) Four years of experience at the elementary or secondary school level or both on a valid certificate, two years of which were classroom teaching; and

(4) The completion of an approved program for superintendents at a college or university.

This endorsement is valid for five years only. Certificate renewals must meet the requirements of the advanced superintendent endorsement in § 24:02:03:12. This paragraph applies to persons receiving the superintendent certificate endorsement after June 30, 1991.

Clearly, under the above authority, Maasjo was not a qualified superintendent.

South Dakota has no statutes relating specifically to contracts with superintendents;[4] therefore, general contract law applies. Consent is an essential element of a valid contract. SDCL 53–1–2.

Further, SDCL 53–4–1 provides:

An apparent consent is not real or free and is voidable when obtained through:

(1) Duress;

(2) Fraud;

(3) Undue influence; or

(4) Mistake.

---

**4.** Unlike statutory provisions for teacher contracts.

Additionally, under SDCL 53-4-9:

Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake and consisting in:

(1) An unconscious ignorance or forgetfulness of a fact, past or present, material to the contract; or

(2) *Belief in the present existence of a thing material to the contract which does not exist, or in the past existence of such a thing which has not existed.* (Emphasis added.)

At the time the contract was signed, Board was under the mistaken belief that Maasjo was a qualified superintendent. In fact, Maasjo was also under the impression that he could easily obtain his superintendent's endorsement. Once Board became aware of Maasjo's lack of certification several months later, it had the right to terminate the contract. Moreover, "[i]t is well settled that when by statute the mode and manner in which contracts of a school district may be entered into are limited and any other manner of entering into a contract is expressly or impliedly forbidden, a contract not made in compliance therewith is invalid." *Minor v. Sully Buttes Sch. Dist. No. 58-2,* 345 N.W.2d 48, 50 (S.D. 1984); *Schull Const. Co. v. Webster Indep. Sch. Dist. No. 101,* 86 S.D. 475, 198 N.W.2d 512 (1972).

Based upon these facts and the applicable law, the contract was voidable. Thus, Board's decision was not clearly erroneous, arbitrary or capricious or an abuse of discretion.

## II.

Whether the signature of Board's president on the Application for Authority to Act validated the contract between Board and Maasjo.

The circuit court, in reviewing Board's decision, determined that a valid contract existed between Board and Maasjo and that substantial evidence did not exist to support its decision or terminate the contract.

We must reiterate, we are reviewing Board's decision, not the circuit court's decision. This court will only interfere with Board's decision if it was clearly erroneous.

█ We recognize that ARSD 24:02:02:02.02 authorizes a superintendent to obtain an Authority to Act. While the Authority to Act must only be signed by the school board president, approval of a majority of the members of the school board is required to take any official action as a school board. SDCL 13-8-33. Furthermore, the Application for Authority to Act in reality created a new contract between Board and Maasjo. SDCL 13-20-1 provides: "No contract shall be binding on any school district except it be approved by the school board acting as such, at an annual, regular, or regularly called special meeting." Board never acted on Maasjo's Application for Authority to Act, nor was it even aware that it existed; therefore, it is not legally binding on Board or the school district.

## III.

Whether service of statutory notice of appeal from a school board decision may be validly served on a board member's child at his home in his absence.

█ Maasjo's notice of appeal to the circuit court was received by the Corson County Sheriff's Office for service of process July 11, 1990. Board's president, Wallace Schott, lives on his family farm two miles south of McLaughlin, South Dakota. The sheriff drove 30 miles from McIntosh, South Dakota, to serve the notice on Schott. When the sheriff arrived at the Schott home, Schott was out in the field. The sheriff left the notice of appeal with Kara Schott, his fourteen-year-old daughter.

Board argues this method of service was defective and deprived the courts of jurisdiction. *See Reiff v. Avon Sch. Dist. No. 4-1,* 458 N.W.2d 358 (S.D.1990); *Middle Creek Sch. Dist. No. 18 v. Butte Cty. Bd. of Educ.,* 83 S.D. 107, 155 N.W.2d 450 (1968).

SDCL 13-46-3 provides:

Such appeal shall be taken by serving a notice of appeal upon the school board

or special committee or any member thereof[.]

SDCL 13–46–3 specifies *who* is to be served; however, it does not indicate *how* service should be made. Because the statute does not answer this question, both sides refer us to SDCL ch. 15 "Civil Procedure" and the provisions on "personal service of summons" and "substituted personal service of summons."

Board urges this court to require strict compliance with the SDCL 13–46–3 in order to provide uniform and consistent administration of justice. It contends that a "school board member" must be personally served, and substituted service does not confer jurisdiction. Board refers us to the section on service of summons on a public corporation. SDCL 15–6–4(d)(4) provides:

> The *summons* shall be served by delivering a copy thereof. Service in the following manner *shall constitute personal service:*
>
> . . . .
>
> (4) If the action be against a public corporation within this state, service may be made as follows:
>
> (i) Upon a county, by serving upon any county commissioner;
>
> (ii) Upon a city, by serving upon the mayor or any alderman or commissioner;
>
> (iii) Upon an incorporated town, by serving upon any trustee;
>
> (iv) Upon an organized township, by serving upon any supervisor; and
>
> (v) *Upon any school district, by serving upon any member of the school board or board of education*[.] (Emphasis added.)

Maasjo refers us to SDCL 15–6–4(e), which provides the method for substituted personal service:

> Service in the following manner shall also constitute personal service. If the defendant cannot be found conveniently, service may be made by leaving a copy at his dwelling house in the presence of a member of his family over the age of fourteen years or if the defendant resides in the family of another, with a member of such age of the family with

which he resides. If the defendant is a private corporation and no general officer, director, managing agent, or other representative mentioned in § 15–6–4(d) as qualified to receive service can conveniently be found, service may be made on such corporation by leaving a copy at the place of business of such qualified person with any officer or employee over fourteen years of age.

At this time, we hold that the notice of appeal from a school board decision must be personally served pursuant to SDCL 15–6–4(d)(4)(v); however, this does not preclude the use of substituted personal service under SDCL 15–6–4(e). Board was properly served, the circuit court had jurisdiction and, thus, this court has jurisdiction.

Because we have determined that Maasjo's contract was invalid, he had no property right which required procedural due process. *Minor, supra.* Therefore, we do not address the issue raised by Maasjo by Notice of Review.

HENDERSON and AMUNDSON, JJ., concur.

WUEST and SABERS, JJ., concur in result.

WUEST, Justice (concurring in result).

I agree this contract was voidable and the Board had the right to void the contract. In my opinion it is unnecessary to decide the service issue, nor to discuss the scope of review. The decision of the trial judge was a mistake in law fully reviewable by this Court and should be reversed. I express no opinion on the scope of review discussion nor the service issue.

SABERS, Justice (concurring in result).

I would not reach Issues I or II. I would decide this case on Issue III only. The Board is correct that the method of service was defective and deprived the courts of jurisdiction. *See Hardy v. West Cent. Sch. Dist. No. 49–7,* 478 N.W.2d 832 (S.D.1991); *Reif v. Avon Sch. Dist. No. 4–1,* 458 N.W.2d 358 (S.D.1990); *Middle Creek Sch.*

*Dist. No. 18 v. Butte Cnty. Bd. of Educ.*, 83 S.D. 107, 155 N.W.2d 450 (1968).

SDCL 13–46–3 provides:

Such appeal shall be taken by serving a notice of appeal upon the school board or special committee or any member thereof[.]

SDCL 15–6–4(d)(4) provides in part:

The summons shall be served by delivering a copy thereof. Service in the following manner shall constitute personal service:

. . . .

(4) If the action be against a public corporation within this state, service may be made as follows:

. . . .

(v) *Upon any school district by serving upon any member of the school board or board of education*[.] (Emphasis added.)

These statutes make it clear that service on the Defendant School District requires service on a school board member. Apparently, Maasjo convinces the majority that SDCL 15–6–4(e), which provides a method of substituted personal service, is controlling in this case. It is clear, however, that SDCL 15–6–4(e) does not apply at all. It provides in part:

... If the defendant cannot be found conveniently, service may be made by leaving a copy at his dwelling house in the presence of a member of his family over the age of fourteen years[.]

Maasjo and the majority wholly overlook the fact that the defendant in this case *is* the School District, not Wallace Schott, the Board member. A review of the statute supports this theory. While SDCL 15–6–4(e) provides a specific method of substituted personal service for an individual and for a defendant who is a private corporation, the statute fails to similarly provide for a defendant who is a public corporation. Even then, the substituted personal service provided in SDCL 15–6–4(e) for a private corporation does not include service on a family member at a residence but only "*at the place of business* of such qualified person with any *officer* or *employee* over fourteen years of age." (Emphasis added.) It is evident that the drafters of this statute knew how to provide for substituted personal service of corporations, and chose to do so for *private* corporations *only*.

Therefore, substituted personal service does not apply and it cannot be made on the School District. The circuit court had no jurisdiction and neither do we. *See also* my dissent in *State v. Lykken*, 484 N.W.2d 869, 883 (S.D.1992).