Ella SCHLOE, Appellant,

v.

**LEAD–DEADWOOD INDEPENDENT SCHOOL DISTRICT NO. 106, Respondent.**

No. 12592.

Supreme Court of South Dakota.

Argued May 14, 1979.

Decided Aug. 22, 1979.

Rehearing Denied Sept. 14, 1979.

Thomas M. Maher, Pierre, for appellant.

A. P. Fuller and Neil Beets, Legal Intern, of Amundson & Fuller, Lead, for respondent.

DUNN, Justice (on reassignment).

This is an appeal from a decision of the Circuit Court of the Eighth Judicial Circuit of Lawrence County, South Dakota, reversing a decision of the Department of Labor (Department) with respect to a grievance filed by appellant Ella Schloe (appellant), a teacher in the Lead-Deadwood Independent School District (District). The District appealed the decision to circuit court, claiming, among other things, that the Department erred in assuming jurisdiction of a grievance that had not been timely filed. Appellant cross-appealed, alleging that the Department erred in refusing to grant salary and benefits beyond the 1976–77 school year. The trial court dismissed the grievance upon a finding that the Department lacked jurisdiction to hear the matter inasmuch as the grievance was not filed within the time limits provided in the District's Grievance Procedure Guide. Due to this dismissal on jurisdictional grounds, the trial

court did not consider the adequacy of the Department's findings on the merits of the case or pass upon the alleged inadequacy of the relief sought by appellant in the cross-appeal. We hold that the Department had jurisdiction to hear this grievance, and we reverse and remand the matter to the trial court for further proceedings on the merits.

Appellant was employed as a teacher by the District for the 1975–76 school year. On March 12, 1976, she received a letter indicating the decision of the District's Board of Education (Board) not to renew her teaching contract, and on March 25, 1976, she received a letter confirming that decision.

At the time of appellant's nonrenewal, the District had a Staff Reduction Policy (Policy) in effect that applied to all staff. The Policy provided guidelines to be followed by the District in reducing staff whenever dictated by economic necessity or enrollment factors. The Policy states the order in which staff members must be released and provides that those released shall have their names placed on a recall list. The staff members are to be recalled in inverse order of their release to fill new teaching positions for which they are certified and qualified. The Policy further provides that no new staff members will be employed until all staff members eligible for recall have had an opportunity to accept a new position.

The recall list was prepared under the District's recall policy and posted on April 15, 1976, but appellant's name was not on the list. That very day, appellant personally signed and mailed a letter to the Board and administrative team advising them that it was her understanding that the decision of the Board not to renew her contract was based upon the need to reduce the size of the teaching staff. Her letter goes on to state: "Pursuant to Policy # 4117.1, Staff Reduction Policy, Sections 8, 9, and 10. I hereby request that my name be placed on the recall list and that I receive notice of any vacancy for which I am certified and

qualified." This letter was received in evidence as appellant's exhibit 7 without objection. Pursuant to Article V of the Grievance Procedure Guide, appellant promptly followed up her letter by meeting with her immediate supervisor, the school principal, in an effort to resolve the matter informally. The stated purpose of the school grievance procedure was to secure, as soon as possible, at the lowest possible administrative level, equitable solutions to problems which might arise.

Appellant's name was never placed on the recall list. When she received no response to her complaint, she sought the assistance of the Lead-Deadwood Education Association (LDEA). LDEA filed a formal grievance on May 27, 1976, on behalf of appellant, alleging that appellant's name was improperly omitted from the recall list. The relief requested by LDEA on behalf of appellant was an order that her name be retroactively placed on the recall list and that she be given any position for which she was qualified. The Board took no action on the grievance.

In July of 1976, the District conducted interviews to fill the teaching position formerly held by appellant. Appellant interviewed for the position but was not hired. Thereafter, appellant and the LDEA filed a second grievance with the Department, alleging that appellant did not receive the teaching job because she had filed the first grievance. The second grievance, however, is not before us on appeal.

At the hearing before the Department, the District made a special appearance to contest the Department's jurisdiction. Testimony was received on the jurisdictional issue. The Department reserved its ruling thereon, and the hearing proceeded on the merits subject to the District's motion for dismissal based upon lack of jurisdiction.

The Department issued findings of fact and conclusions of law which stated that the Department had jurisdiction in the matter; that appellant performed her

teaching duties in a satisfactory manner; that the LDEA filed a grievance on appellant's behalf; that appellant's name should have been on the recall list; and that appellant would have been recalled for the teaching position had her name been on the list. The Department ordered that appellant be awarded damages in an amount equal to a normal teaching salary and benefits for the 1976–77 school year. Where the legislature has created an administrative agency empowered to deal with issues within its expertise, the courts must seek to harmonize their relations with the agency. *Gottschalk v. Hegg,* 89 S.D. 89, 228 N.W.2d 640 (1975).

The District appealed the Department's decision to the circuit court. Appellant cross-appealed, alleging, in substance, error in the Department's refusal to grant salary and benefits beyond the 1976–77 school year. The circuit court reversed the Department's decision and dismissed the case on the ground that the grievance was not timely filed.[1] The court found that the grievance dated May 27, 1976, was filed beyond the thirty-day limit for filing of grievances as specified in the District's Grievance Procedure Guide.

■ Appellant's main contention on appeal is that the circuit court erred in concluding that the grievance was untimely. We agree. In reviewing a circuit court's decision under the Administrative Procedures Act (SDCL 1–26), this court must make the same review of the administrative tribunal's action as does the circuit court. The reviewing court must make its decision as to whether the circuit court's decision can be substantiated unaided by a presumption that the circuit court's decision is cor-

rect. *Piper v. Neighborhood Youth Corps,* 241 N.W.2d 868 (S.D.1976).

■ The authority of the circuit court in an appeal from an administrative agency is determined by statutory law. *Chicago M., St. Paul & P. R. Co. v. Bd. of Com'rs,* 248 N.W.2d 386 (S.D.1976). The standard is found in SDCL 1–26–36,[2] which reads, in relevant part, as follows:

> The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> \*　\*　\*　\*　\*　\*
>
> (2) In excess of the statutory authority of the agency.

The District's Grievance Procedure Guide defines "grievance" as a complaint by a public employee based upon an alleged violation of any existing (written) policy of the school as it applies to the conditions of employment. The Grievance Procedure Guide further provides that no grievance shall be recognized unless presented within thirty days after the aggrieved person knew or should have known of the act or condition upon which the grievance is based, and if not so presented, the grievance will be considered waived. The Grievance Procedure Guide was in effect and applied to appellant at the time the recall list was posted.

If after following the grievance procedure enacted by the governing body the

---

1. The trial court's conclusion of law No. 1 states that "this matter is properly before this Court and this Court has jurisdiction in this matter." In conclusion of law No. 8, the trial court concluded that "the Director did not have jurisdiction to hear Grievance 8G because it was not timely filed and thus waived as provided for in the Grievance Procedure Guide." While these conclusions of law seem inconsistent in that the trial court could have no better

jurisdiction than that of the Director of the Department, we consider conclusion of law No. 1 as a conclusion that the court had jurisdiction to at least pass on the Department's jurisdictional finding. In hindsight, it would probably have been more consistent for the trial court to have acted on the District's motion to dismiss.

2. This section was subsequently amended by 1978 S.D.Sess.L. Chs. 13 and 17.

grievance remains unresolved, it may be appealed to the Department, which shall conduct an investigation and hearing and shall issue an order covering the points raised. The order shall be binding on the employee and the governmental agency. SDCL 3–18–15.2.

■ While the Department has jurisdiction over grievances, its jurisdictional base is lost if appellant's grievance is not timely filed in accordance with the grievance procedure. The parties agree that appellant knew or should have known on April 15, 1976, of the act upon which her grievance was based. Thus, her grievance had to be filed on or before May 15, 1976, to vest the Department with jurisdiction.

■ Appellant contends that the letter she sent to the Board on April 15, 1976, requesting that her name be placed on the recall list constituted a timely filing of her grievance and that jurisdiction was thus conferred on the Department. The record shows that no standard grievance forms were prepared by the District. The court holds that the April 15, 1976, letter sent by appellant to the Board constituted a grievance in that her immediate supervisor and the Board were put on notice that she felt her name should have been placed on the recall list in accordance with the Policy. The magic word "grievance" need not be used in following the procedure outlined by the Board. The mere fact that appellant's future employment with the District was in jeopardy would compel the conclusion that she felt aggrieved when she sent a letter on April 15, 1976, requesting specific relief.

The trial court based its ruling upon the erroneous assumption that the letter of April 15, 1976, was not received, thus requiring the conclusion that the grievance filed on appellant's behalf by LDEA with the District on May 27, 1976, was beyond the thirty-day time limit set forth in the Grievance Procedure Guide. The grievance was not waived, however, as appellant initially filed her grievance on April 15, 1976, which is well within the time period prescribed in Article VIII, Section E of the Grievance Procedure Guide, and the April 15, 1976, grievance was duly received by the addressee.

■ Appellant sought to exhaust all of the avenues available to her in resolving her grievance. The shortcoming lies with the school administration in having failed to follow the various steps set forth in its own grievance procedure. The Department made a correct interpretation of the law of South Dakota in taking jurisdiction of this matter, and its decision is supported by substantial evidence on the record.

Accordingly, we find that the Department had jurisdiction to hear the grievance, and the judgment of the circuit court is reversed and the matter is remanded for further proceedings on the merits of the case.

WOLLMAN, C. J. and HENDERSON and FOSHEIM, JJ., concur.

MORGAN, J., dissents.

MORGAN, Justice (dissenting).

I dissent.

In my opinion, the result reached by the majority is not supported by the record. I would hold that, upon the record made before the hearing officer, he should have granted respondent's motion to dismiss the case for lack of jurisdiction because of appellant's failure to timely file.*

The majority accepts appellant's contention that the letter she sent to the Board on April 15 requesting that her name be placed on the recall list constitutes the filing of her grievance and, thus, the grievance was timely filed. The record clearly shows that this contention was not raised at the administrative level, but was urged by appellant

---

* In an appeal such as this, made pursuant to SDCL 1–26, the only record before this court for review is the record made at the administrative level.

for the first time in her reply brief on appeal to the circuit court. Appellant's brief to the Department of Labor, prior to the hearing, explicitly states that the grievance was filed on May 27, 1976. At the administrative hearing, appellant relied exclusively on May 27 as the filing date, and she and her representative repeatedly referred to the May 27 document, filed on her behalf by the LDEA, as the grievance. The letter of April 15, mentioned only twice during the entire proceeding, was represented merely as an event that precipitated the filing of the grievance and *never* as the grievance itself. At no time in the administrative proceedings did appellant allude to a claim that the April 15 letter constituted a grievance or that she intended it to be a grievance. That the Department of Labor had no opportunity to consider the issue is apparent in its findings of fact and conclusions of law which identify the filing date as the date when the LDEA sent the grievance to the Board. In my opinion, the effect and timeliness of the April 15 letter should not be considered by this court because failure to raise an issue at the administrative level precludes that issue from being considered for the first time on appeal. *United States of America v. L. A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 (1952); *Farmers Co-op Elevator Co. v. Commodity Credit Corp.,* 144 F.Supp. 65 (N.D.S.D.1956); *Petition of Village Board of Wheatland,* 77 N.D. 194, 42 N.W.2d 321 (1950).

The majority also apparently accepts appellant's argument that her grievance was timely filed because she met with the school's principal on May 11 and 12, 1976, in an attempt to resolve the matter informally in accordance with Article V of the district's grievance procedure. This argument has no support in the record. Article V, entitled "Informal Procedures," provides that a teacher who feels he has a grievance should first discuss the matter with that member of the administration to whom the teacher is directly responsible in an effort to informally resolve the matter before submitting a formal written grievance. Although appellant's alleged meetings with the principal were mentioned during the administrative hearing, a close reading of the transcript discloses that no testimony was elicited concerning the dates the meetings took place. The only reference to specific dates is in appellant's brief to this court. Since no sworn testimony exists to support those dates, appellant's argument lacks foundation in fact, and I would place no reliance on it.

However, even if the dates of these meetings were substantiated by competent testimony, I am unconvinced that compliance with the provisions of Article V is sufficient to constitute the filing of a grievance in accordance with the grievance procedure. Timeliness in filing a grievance is stressed in the grievance procedure as essential for the procedure to function smoothly. Although Article V encourages teachers to attempt to resolve their grievance informally by discussing complaints with their superiors, the grievance procedure is effectively destroyed by the majority's decision that such a discussion may constitute a timely filing. A teacher may now completely circumvent the procedure's requirements that a formal grievance be written and submitted at the appropriate level within a specified time by making a mere statement of displeasure to an administrator and later claiming the statement was intended to be the filing of a grievance. The grievance procedure was intended to avoid just such a result. It contemplates that teachers make their grievances known in an orderly and expeditious manner by setting forth the nature of the grievance in writing within a specified time. In my opinion then, even if appellant could prove that she complied with Article V, such compliance is insufficient to constitute a filing in accordance with the grievance procedure.

For these reasons, I would affirm the circuit court's judgment that the Department of Labor lacked jurisdiction.