INTERNATIONAL UNION OF OPERAT-
ING ENGINEERS LOCAL # 49, on Be-
half of Carl MAACK, Appellant,

v.

ABERDEEN SCHOOL DISTRICT
NO. 6–1, Appellee.

No. 16867.

Supreme Court of South Dakota.

Considered on Briefs April 26, 1990.

Decided Dec. 5, 1990.

Rehearing Denied Jan. 10, 1991.

Terence A. O'Keefe of Siegel, Barnett &
Schutz, Aberdeen, for appellee.

William D. Gerdes, Aberdeen, for appel-
lant.

PER CURIAM.

This appeal involves a dispute between
the Aberdeen School District (School) and
its long-time custodial employee, Carl
Maack (Maack). Maack was called to a
September 9, 1989, meeting with the custo-
dial personnel supervisor for School and
confronted with two documents concerning
reprimands. Maack asked if there was
anything he could do about the reprimands.
After being told that there was nothing he
could do, Maack turned in his keys and left.

There was a misunderstanding as to
what had transpired. Maack believed that
he was being terminated. School believed
that Maack had resigned, although he did
not submit a written resignation. Maack
filed a grievance alleging that he had not
resigned and should be reinstated. The
School ruled against Maack at Level I, II
and III of the negotiated grievance proce-
dure.

Walter I. Nielsen, a union official repre-
senting Maack, apparently contacted the
Department of Labor (Department) to re-
quest forms necessary to initiate an appeal
to the Department. An official of the De-
partment purportedly told Nielsen to sim-
ply file the appeal on conciliation forms
which Nielsen had in his files. Nielsen
initiated a proceeding for Maack with the
Department by submitting a document enti-
tled "Request for Conciliation" (Request).

The Department treated the Request as
a notice of appeal and issued a notice of
hearing which noted that "the hearing in-
volves a grievance brought pursuant to
SDCL 3–18–15.2." * Neither party object-

* SDCL 3–18–15.2 provides:

    **Appeal to labor department—Investigation,**
    **hearing and order by department—Board of**

    **regents employees.** If, after following the
    grievance procedure enacted by the governing
    body, the grievance remains unresolved, ex-

ed to the Department proceeding with the matter as an appeal. The hearing was held on December 28, 1989, and School participated fully in the hearing. School did not contest the jurisdiction of the department of labor on grounds that Maack's Request was not a notice of appeal. Department entered findings of fact and conclusions of law and an order in Maack's favor.

School appealed to the circuit court seeking review of the decision of the Department. School argued that Maack's request, filed on a form entitled "Request for Conciliation", was not a notice of appeal. School contends that Maack's request placed the matter within the confines of SDCL 60-10-2, which addresses conciliation of labor disputes. The circuit court agreed with the School and reversed the decision of the Department. We reverse.

## DECISION

The issue is whether Maack's Request constituted a notice of appeal. Maack, through his union representative, filed the Request intending and believing that he was initiating an appeal, not a conciliation. School treated the request as a notice of appeal and filed an answer. The Department treated the Request as a notice of appeal and scheduled an appeal hearing. School attended the hearing, cross examined witnesses, called witnesses on its behalf, introduced exhibits, and made objections to testimony (including hearsay objections). In short, Maack and the Department treated Maack's Request as a notice of appeal. Similarly, School treated Maack's Request as a notice of appeal, at least until the Department ruled against School and in favor of Maack.

■ Notices of appeal should be liberally construed in favor of their sufficiency. *Kelly v. Kelly*, 371 N.W.2d 193, 195 (Minn. 1985). We agree generally that:

cept in cases provided for in § 3–6A–38, it may be appealed to the department of labor, if notice of appeal is filed with the department within thirty days after the final decision by the governing body is mailed or delivered to the employee. The department of labor shall conduct an investigation and hearing and

In considering the sufficiency of the content of the notice [of appeal,] ... if the intent of the appellant to appeal from a judgment may be inferred from the text of the notice and if the appellee has not been misled by the defect the appeal will be entertained. This more liberal rule of construction is consistent with our oft repeated preference for disposition of cases on the merits and not on mere technicalities.

*Blink v. McNabb*, 287 N.W.2d 596, 598–99 (Iowa 1980) (citations omitted).

■ We find that, under the unique facts of this case, the text of the request filed by Maack was intended to be a notice of appeal, was treated as a notice of appeal by all parties involved, and constituted a notice of appeal under SDCL 3-18-15.2. We do not conclude that in every case the filing of a document entitled a request for conciliation will constitute a notice of appeal. School knew that Maack intended to initiate an appeal. All parties involved treated the Request as notice of a appeal. Moreover, School was given the opportunity to, and did, defend itself as set forth in the appeal statute. In fact, School even proposed findings of fact and conclusions of law, and objected to Maack's proposed findings and conclusions. Having played the game and lost, School now contends that the game should never have been played. We conclude that the Request filed by Maack constituted a notice of appeal and that the jurisdiction of the Department was properly invoked.

The decision of the circuit court as to jurisdiction is reversed and the matter is remanded to the circuit court to resolve the remaining issues.

shall issue an order covering the points raised, which order is binding on the employees and the governmental agency. Nothing in this section may be interpreted as giving the department of labor power to grant tenure or promotion to a faculty member employed by the board of regents.