**Marilyn COX, Petitioner and Appellee,**

v.

**SIOUX FALLS SCHOOL DISTRICT 49–5, Appellant.**

**Lynn ADLER, Petitioner and Appellee,**

v.

**SIOUX FALLS SCHOOL DISTRICT 49–5, Appellant.**

**Nos. 18350, 18351.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1994.

Decided April 13, 1994.

Rehearing Denied May 20, 1994.

Michael L. Luce, Davenport, Evans, Hurwitz and Smith, Sioux Falls, for appellant.

Thomas K. Wilka and Rita Allen, Hagen, Wilka & Archer, Sioux Falls, for appellees.

SABERS, Justice.

School District appeals determinations that grievances concerning credit for prior teaching experience were timely filed or properly and correctly decided. We affirm.

## FACTS

*Grievance of Cox*

Marilyn Cox (Cox) was employed by the Sioux Falls School District (District) in August, 1988 as a teacher/librarian. For the purpose of determining her salary, Cox was given credit for four years of prior experience as a librarian with the District from 1968 to 1972. Cox also received credit for three years of teaching in other school districts. Cox did not receive credit for her work in marketing and public relations for the University of South Dakota School of Medicine, as an administrative assistant for the City of Sioux Falls, or as librarian for Citibank from 1982 to 1988. Cox only disputes the failure of the District to give her credit for her years with Citibank.

Cox testified at her grievance hearing before the South Dakota Department of Labor (Department) that at the time she was hired, she understood that she was given credit for seven years of prior teaching experience and that she was not given credit for her experience as a librarian for Citibank. She also testified that she was unaware of the District's practice of giving credit for non-teaching experience at that time.

On May 31, 1991, Cox filed a grievance alleging that she was hired as a librarian but was not given credit for the years she served as Library Director of Citibank. The grievance alleged that the failure to give Cox credit was a violation, misinterpretation and/or inequitable application of Article I, Section C and Article IV, Section F of the Negotiated Agreement. Superintendent John Harris denied the grievance. The School Board (Board) heard the grievance in Executive Session on July 22, 1991 and by a three to two vote, denied the grievance.

A grievance hearing was held before the Department on December 10, 1991. On October 23, 1992, Department issued an Order granting Cox' grievance appeal and directing District to cease and desist from like interpretation and application of the negotiated agreement. District was ordered to pay Cox back pay and pre-judgment interest and to place her on the proper salary line in conformance with the Department's Decision.

District appealed Department's Decision. On April 20, 1993, the circuit court issued an Order and Judgment affirming the Order of Department. District appeals.

*Grievance of Adler*

Lynn Adler (Adler) was employed by District in 1988 as an elementary school counselor. She was given full credit for her one year of prior experience as a counselor working with K–12 children at Summit Oaks but she was only given ten years of credit for her seventeen years of work at the Department of Social Services (DSS). According to testimony by then assistant superintendent Prudence Gushwa (Gushwa), Adler was awarded only partial credit based upon the information that Adler provided regarding the extent of her involvement counseling K–12 children while working for DSS.

Adler admitted during her grievance hearing that Gushwa informed her at the time of her employment that she was put on Step 10 on the salary schedule but that she had been informed that the steps did not relate necessarily to the years of experience. There is conflicting testimony as to whether Adler was ever informed that she was not receiving credit for all of her years with DSS.

On January 12, 1991, Adler filed a grievance with Superintendent Harris alleging a violation, misinterpretation, and/or inequitable application of the negotiated agreement because the District failed to give her credit for more than 10 of her 18 years with DSS. Superintendent Harris denied the grievance. After hearing the grievance in executive session, Board unanimously denied the grievance. A hearing was held before Department and on October 23, 1992, Department issued an Order granting Adler's grievance appeal and directing District to cease and desist from like interpretation and application of the negotiated agreement. District was ordered to pay Adler back pay and pre-judgment interest and to place her on the proper salary line in conformance with Department's Decision. District appealed Department's Decision and on April 20, 1993, the circuit court issued an Order and Judgment affirming the Order of Department. District appeals. We issued an Order consolidating the appeals on June 7, 1993.

### 1. Whether the grievances were timely filed.

■ Initially, we address District's argument that Cox and Adler failed to timely file their grievances pursuant to the grievance policy. "The Department's jurisdiction is lost if the grievance is not timely filed in accordance with grievance procedures." *Rininger v. Bennett County Sch. Dist.*, 468 N.W.2d 423, 428 (S.D.1991) (citing *Schloe v. Lead–Deadwood Indep. Sch. Dist. No. 106*, 282 N.W.2d 610, 614 (S.D.1979)). Whether a grievance was timely filed is a question of fact, reviewed under the clearly erroneous standard. *Id.* Department found that District waived its defense of notice by declining to address the defense in its argument to Department. Our review of the record of the grievance hearings indicates that this finding of fact is clearly erroneous. SDCL 1–26–36(5). We agree with the circuit court that District did raise this argument to Department at the hearing and therefore, the argument was not waived.

■ Cox and Adler claim that District has inequitably applied, misinterpreted, or violated the negotiated agreement and its own practice in determining credit to be given for their past work experience. According to the Professional Staff Handbook provided to Cox and Adler at the time of their employment, a "teacher ... shall file a formal grievance within thirty-five (35) days of the alleged violation, or *within thirty-five (35) days of when the alleged violation was discovered, or through reasonable diligence should have been discovered.*" (Emphasis added.)

As stated above, Cox testified that she understood at the time she was hired that she was not credited for her years of experience as a librarian for Citibank, but that she was unaware of District's practice of giving credit for non-teaching experience at that time. As to Adler, there was conflicting testimony as to whether she understood at the time she was hired that she was not being given full credit for her years at DSS. It appears both Cox and Adler filed their grievances within 35 days of discovering the inequitable crediting of prior experience, which was the "alleged violation." District has failed to show that either Cox or Adler sat on their claims after discovering District's manner of crediting prior experience for other teachers in similar circumstances. *See Rininger*, 468 N.W.2d at 425 (District's allegation of deceit constitutes an affirmative defense which must be proven by a preponderance of the evidence). Therefore, District has failed to show untimely filing of either grievance.

### 2. Whether Department failed to give the proper deference to Board's decision and applied an incorrect standard of review.

District argues that Department applied the incorrect standard of review. According to District, because Board was the original decisionmaker, Department must give deference to Board's factual determinations under SDCL 1–26–36 and reverse only if Board acted arbitrarily or capriciously, or abused its discretion.[1]

The correct standard of review of administrative findings of fact and conclusions of law was discussed at great length in *Permann v. South Dakota Dept. of Labor*, 411 N.W.2d 113, 115–117 (S.D.1987). According to *Per-*

---

1. SDCL 1–26–36 provides:
   The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
   (1) In violation of constitutional or statutory provisions;
   (2) In excess of the statutory authority of the agency;
   (3) Made upon unlawful procedure;·
   (4) Affected by other error of law;
   (5) Clearly erroneous in light of the entire evidence in the record; or
   (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
   A court shall enter its own findings of fact and conclusions of law or may affirm the findings and conclusions entered by the agency as part of its judgment. The circuit court may award costs in the amount and manner specified in chapter 15–17.

*mann*, "[w]hen the issue is a question of law, the decisions of the administrative agency and the circuit court are fully reviewable. When the issue is a question of fact, we ascertain whether the administrative agency was clearly erroneous." *Id.* at 116 (citations omitted); SDCL 1–26–36.

While we agree this is the correct standard of review of Department by the trial court and this court under *Permann, Kleinsasser v. City of Rapid City*, 440 N.W.2d 734, 736 (S.D.1989),[2] this was not an appeal of a school board decision to the circuit court under SDCL ch. 13–46. SDCL 13–46–1; SDCL 13–46–6; *Kellogg v. Hoven Sch. Dist. No. 53–2*, 479 N.W.2d 147, 149 (S.D.1991) ("In *Dale v. Board of Education, Etc.*, 316 N.W.2d 108, 112 (S.D.1982), we stated 'on appeal to the circuit court, pursuant to SDCL 13–46–6, the doctrine of separation of power limits the scope of review to that provided in SDCL 1–26–36.' "). Rather, this was an appeal of a school board decision to the Department of Labor under SDCL ch. 3–18. *See Rininger*, 468 N.W.2d at 424–25 (noting that when Rininger's attempt to appeal Board's decision to circuit court under SDCL ch. 13–46 was dismissed, Rininger appealed to Department under SDCL ch. 3–18). Accordingly, the standard of review is found in SDCL 3–18–15.2, which provides:

If, after following the grievance procedure enacted by the governing body, the grievance remains unresolved, except in cases provided for in § 3–6A–38, it may be appealed to the department of labor, if notice of appeal is filed with the department within thirty days after the final decision by the governing body is mailed or delivered to the employee. *The department of labor shall conduct an investigation and hearing and shall issue an order covering the points raised, which order is binding on the employees and the governmental agency.* Nothing in this section may be interpreted as giving the department of labor power to grant tenure or promotion to a faculty member employed by the board of regents. (Emphasis added.)

Deference is not given to the school board's decision by the department in a grievance review under SDCL 3–18–15.2. In fact, it is hard to imagine how deference could be given by the department to board's factual determinations when there are no factual determinations in the record to review. Rather, the department issues a binding order *based upon its own investigation and hearing.* SDCL 3–18–15.2. *See Kleinsasser*, 440 N.W.2d at 738–39 (Henderson, J., concurring specially) (stating that in a grievance proceeding under SDCL 3–18–15.2, a complaint filed by a public employee is reviewed by the Department to determine if there is a violation of an existing agreement, policy, rule or regulation).[3] The circuit court

---

2. In *McCauley v. South Dakota Sch. of Mines and Tech.*, 488 N.W.2d 53 (S.D.1992), we stated:

This court reviews the record of administrative agencies in the same manner as the circuit court. SDCL 1–26–37. Since the circuit court affirmed Department's findings of fact and conclusions of law in their entirety, our review is of the agency's findings and conclusions.

Conclusions of law are given no deference on appeal and are freely reviewable. SDCL 1–26–36. Questions of fact, however, are given greater deference. SDCL 1–26–36. This court does not substitute its judgment for Department's on the weight of evidence pertaining to questions of fact unless Department's decision is clearly erroneous, or is arbitrary, capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion. We will not reverse an agency decision unless we are left with a definite and firm conviction that a mistake has been committed.

*Id.* at 55 (citations omitted).

3. In *Kleinsasser*, Justice Henderson wrote:

We are here adjudicating upon and reviewing the lower proceedings pertaining to a grievance filed by Kleinsasser for being unlawfully discharged from his employment. Kleinsasser filed a Step One grievance with the city, and later a Step Two grievance. When he lost both of these, he appealed to the Department of Labor under SDCL 3–18–15.2. The Department found for Kleinsasser, presuming that he was unlawfully discharged (terminated) and ordered, based on that determination, that Kleinsasser be reinstated without loss of seniority and that he be paid all back pay, with interest. The Honorable Jeff Davis, Circuit Judge, ruled against the Department's holding and Kleinsasser. Thereupon, Kleinsasser appealed to this Court.

This is absolutely a grievance proceeding under authority of SDCL 3–18–15.2.

If we then logically follow the grievance proceeding thesis, we also consider SDCL 3–18–1.1. This defines a grievance proceeding and

and this court then review the department's findings of fact and conclusions of law under SDCL 1–26–36. *Rininger*, 468 N.W.2d at 426. *See generally McCauley*, 488 N.W.2d 53 (review of Department's findings and conclusions); *International Union of Operating Eng'rs Local # 49 v. Aberdeen Sch. Dist. No. 6–1*, 463 N.W.2d 843 (S.D.1990) (Appeal of School District decision to Department under SDCL 3–18–15.2. Jurisdiction of Department properly invoked. School was given the opportunity to, and did, defend itself as set forth in SDCL 3–18–15.2. School District proposed and objected to findings of fact and conclusions of law.). Department applied the correct standard of review and we affirm this issue.

### 3. Whether Department's findings that District inequitably applied the term "teaching experience" in crediting past experience for salary placement were clearly erroneous.

■ "Initially, we must determine whether the holding below involves a finding of fact or a conclusion of law. We draw this distinction for the purpose of determining the proper standard of review[.]" *Permann*, 411 N.W.2d at 116 (citation omitted). Whether the District inequitably applied the term "teaching experience" is a question of fact, reviewed under the clearly erroneous standard. *Rininger*, 468 N.W.2d at 426 ("In an administrative appeal, deference is accorded an agency's factual determination, and we review the record to determine whether the agency's findings of fact are clearly erroneous in light of all the evidence in the record. (Citations omitted.) In applying the clearly erroneous standard, the appellate court determines whether, on the entire evidence, it is left with a definite and firm conviction that a mistake was made." (Citation omitted.)).

Article IV, Section F, Subsection 3a of the Agreement between Board and the Sioux Falls Education Association provides:

A newly-hired teacher with prior teaching experience shall be placed in the appropriate degree lane and on the step with the majority of previously employed teachers with the same number of years' teaching experience.[4]

District contends that under this section, a non-teacher member is only given credit for prior experience involving children in grades kindergarten through 12. There was, however, conflicting testimony concerning District's prior application of "teaching experience." According to Jerry Mayer, past Coordinator of Student Services for the District, he was never given any directive requiring him to make prior work credit decisions based upon whether or not the experience involved children in grades kindergarten through 12. Mayer recalled nurses receiving credit for each year of prior nursing experience regardless of their involvement with children. Mary Standaert, a social worker with District, testified that although her work at Catholic Family Services involved working with adults and children under the age of five, as well as children in grades kindergarten through 12, she was given full credit for every year of her employment with Catholic Family Services.

As we noted in *Permann*, "[t]he agency, after holding a hearing and listening to witnesses, is in a much better position to find facts than are we on appeal." 411 N.W.2d at 117. According to Department's findings of fact, District made a distinction in considering past work experiences, giving only as much credit as it deemed necessary to obtain the services of a given individual. A review of the record indicates that there is substantial evidence to support the Department's findings and that the findings are not clearly erroneous. The District inequitably applied

expresses the **function of the Department.** *In essence, a complaint filed by a public employee is reviewed to determine if there is a violation of an existing agreement, policy, rule, or regulation. A function of the Department is to hear the evidence and make that determination.* The circuit court observed that Department had strayed from its function to administratively review Kleinsasser's grievance and had mentally wandered into the civil rights and unemployment compensation areas of law. 440 N.W.2d at 739 (emphasis added).

4. Under Article I, Section C of the Agreement, teacher is defined as "all employees represented by the association in the bargaining unit."

the term "teaching experience" in crediting past experience for salary placement. We affirm the decision of the circuit court.

### 4. Whether Department had the authority to order back pay and prejudgment interest.

■ District argues that Department lacked the authority necessary to award back pay and prejudgment interest and that Department's order impermissibly invaded District's legislative power to determine teachers' salaries.

In *Kierstead v. City of Rapid City*, 248 N.W.2d 363 (S.D.1976), this court stated that Department was without authority to order back pay because it would be, in effect, setting the salary of a municipal officer. "We held that under SDCL 3–18–15.2 the Department has authority to act only on grievances that do not involve the exercise of executive or legislative powers or the performance of a governmental function. The setting of salaries for municipal officers by the governing body of the municipality is such a legislative function." *Rininger*, 468 N.W.2d at 427 (citing *Kierstead*, 248 N.W.2d at 366).

We found *Kierstead* "materially distinguishable and no impediment," however, in *Rininger v. Bennett County Sch. Dist.*, 468 N.W.2d at 427. In *Rininger*, Department ordered reinstatement of a teacher who was denied a position after taking a leave of absence and payment of the teacher's salary differential. On appeal, we held that "the ordered payment of Rininger's salary differential does not impermissibly invade any salary-setting legislative power or governmental function." *Id.*

In this case, as in *Rininger*, Department had authority to order back pay because it did not change the salaries Cox and Adler would have been paid *had* District equitably applied the term "teaching experience" and placed them at their correct salary levels at their time of employment. *Id.* We affirm the circuit court's order that "[t]he ordered back pay with interest does not impermissibly invade any salary-setting legislative power or governmental function of the board.

The Department does have the authority to order back pay" in these circumstances.

Affirmed.

WUEST, J., and JOHNSON, Circuit Judge, concur.

MILLER, C.J., and HENDERSON, J., dissent.

JOHNSON, Circuit Judge, sitting for AMUNDSON, J., disqualified.

MILLER, Chief Justice (dissenting).

I dissent. In my opinion, Department, the circuit court, and the majority have failed to give proper deference to Board's decision.

### 1. *Adler's grievance was not filed in a timely manner.*

I agree that Department erred in finding District had waived its defense of failure to timely file grievances, but dissent as to the majority's conclusion that both grievances were filed in a timely manner.

The record indicates Cox filed her grievance within thirty-five days of her discovery that District gave credit for nonteaching experience and that she had received no credit for her prior non-teaching experience. Therefore, I agree Cox' grievance was filed in a timely manner.

However, as the majority recognizes, "[a]s to Adler, there was conflicting testimony as to whether she understood at the time she was hired that she was not being given full credit for her years at DSS." In response to the question "you were aware when you were hired, were you not, that you were not given a full credit for your past work experience," Adler answered, "[t]hat's correct." At the very least, Adler's admission she knew at the time she was hired she had not been given full credit for her past work experiences required her to exercise "reasonable diligence" to investigate any alleged violation. Instead, *she waited three years to even inquire* how many years she had been credited with.

Contrary to majority's claim of review under a clearly erroneous standard, whether a grievance was timely filed is a question of

fact, review of which is restricted to determining the legality of Board's decision. *Moran v. Rapid City Area Sch. Dist.*, 281 N.W.2d 595, 599 (S.D.1979). Where there was conflicting testimony as to when Adler discovered or through reasonable diligence should have discovered the alleged violation, Board's determination carried a strong presumption of being made in good faith. *Jones v. Sully Buttes Sch.*, 340 N.W.2d 697, 700 (S.D.1983). Adler has failed to carry her burden of showing the decision was arbitrary, capricious or an abuse of discretion due to lack of substantial evidence to support Board's decision. *Moran*, 281 N.W.2d at 599. Therefore, I dissent as to the majority's finding that her grievance was filed in a timely manner.

2. *Department failed to give the proper deference to Board's decision and applied an incorrect standard of review.*

This court has previously recognized that school boards are part of the legislative branch of government:

School Boards are creatures of the legislature and are part of the legislative branch of government. Therefore, the judiciary may not invade the province of the school board's decision making *unless such decision making is done contrary to law.*

*Moran*, 281 N.W.2d at 598 (emphasis added); *Strain v. Rapid City School Board*, 447 N.W.2d 332, 338 (S.D.1989).

Moreover, we have previously stated:

'The constitutional separation of powers cannot be done away with by legislative action. (citations omitted) Consequently, [SDCL 13–46–6], providing for de novo trials when county school board matters are appealed to the circuit court may not be given a literal construction. To do so would be to presume that the legislature intended to confer upon the courts powers inconsistent with the discharge of their inherent judicial functions. This we may not do.'

*Mortweet v. Ethan Bd. of Ed., Davison Cnty,* 90 S.D. 368, 372, 241 N.W.2d 580, 582 (1976) (quoting *Dunker v. Brown Co. Bd. of Ed.*, 80 S.D. 193, 203–204, 121 N.W.2d 10, 17 (1963)); *Tschetter v. Doland Bd. of Ed.*, 302 N.W.2d 43, 48 (S.D.1981). The majority opinion recognizes this separation of power by citing to *Dale v. Board of Ed.*, 316 N.W.2d 108 (S.D. 1982). "The constitutional separation of powers cannot be done away with by legislative action." *Id.* at 111.

However, the majority then mistakenly applies the clearly erroneous standard of SDCL 1–26–36 for review of factual findings by an agency rather than properly considering the legality of Board's decision. *Kellogg v. Hoven Sch. Dist.*, 479 N.W.2d 147, 153–55 (S.D. 1991) (Miller, C.J., Henderson, J., dissenting); *Rininger v. Bennett Co. Sch. Dist.*, 468 N.W.2d 423, 429 (S.D.1991) (Henderson, J., dissenting); *Dale*, 316 N.W.2d at 115–16 (Henderson, J., dissenting in part); *Busker v. Board of Ed. of Elk Point*, 295 N.W.2d 1, 2–3 (S.D.1980); *Moran*, 281 N.W.2d at 599.

Moreover, the majority opinion fails to recognize that as the judicial branch of government may not invade the province of the legislative branch by substituting its judgment for that of a school board, neither may the executive branch, in the form of the Department of Labor, invade the province of the legislative branch by substituting its judgment for that of a school board. Such is the result of the majority opinion, which fashions a type of de novo review under SDCL 3–18–15.2 by asserting Department's order is "based upon its own investigation and hearing." While Department may conduct its own investigation and hearing, its review is limited to determining the legality of Board's decisions.*

Additionally, the decisions cited by the majority to support de novo review of grievances filed against school boards, *McCauley v. South Dakota Sch. of Mines & Tech.*, 488 N.W.2d 53 (S.D.1992) and *Kleinsasser v. Rapid City*, 440 N.W.2d 734 (S.D.1989), involve employment decisions by the South Dakota Board of Regents and the Rapid City

---

* It is incumbent on the school boards of this state to begin making adequate records for appellate review.

Water Department, not local school boards. These decisions are clearly inapplicable to this case.

Furthermore, by applying different standards of review depending on whether a teacher appeals a school board decision directly to the circuit court under SDCL 13-46-1 or to Department under SDCL 3-18-15.2, the majority is encouraging both anomalous results and forum shopping by teachers. *Accord, Selle v. Pierce,* 494 N.W.2d 634, 637 (S.D.1993) (stating South Dakota has an interest in discouraging forum shopping).

When reviewing a school board decision under SDCL 3-18-15.2, Department and the circuit court must give deference to Board's decision. They may reverse only if there is a lack of substantial evidence to support a board's decision, thereby showing a board acted arbitrarily, capriciously or abused its discretion. *Moran,* 281 N.W.2d at 599. The same applies to this court.

3. *Department failed to give the proper deference to Board's decision in determining whether the District inequitably applied the term "teaching experience" in crediting past experience for salary placement.*

As the majority recognizes, "whether the District inequitably applied the term 'teaching experience' is a question of fact." Therefore, Board's decision may be reversed only if it was arbitrary, capricious or an abuse of discretion.

The majority clearly acknowledges there was "conflicting testimony concerning District's prior application of 'teaching experience.'" Where there was conflicting testimony, Department and majority must defer to Board's decision that District applied the term "teaching experience" equitably. Dr. Pam Sessler, the current assistant superintendent of personnel, testified it was not District practice to give personnel credit for prior work experience outside of dealing with children in the K-12 age group. Dr. Gushwa testified the District practice was to give credit for work experience serving K-12 students, not experience related to adults. Moreover, she testified that although she could no longer recall specific names, there

were librarians in the District who had library experience at the college level and had not received credit for that prior experience. Dr. John Harris, District's superintendent, testified that District policy was to give credit only for prior work with children in K-12 age range.

Moreover, the burden of proof in cases such as this is on the party who is alleging the violation. *Rininger,* 468 N.W.2d at 425. The burden of proof is not sustained when the probabilities are equal. *Mehlum v. Nunda Cooperative Ass'n,* 74 S.D. 545, 551, 56 N.W.2d 282, 285 (1952). The balanced evidence presented in this record simply does not sustain Cox' and Adler's burdens of showing District inequitably applied credit for prior experience.

I dissent, as Department failed to show Board's decision as to whether District had inequitably applied the term "teaching experience" in crediting past experience was arbitrary, capricious or an abuse of discretion. Clearly there is substantial support for Board's refusal to give Cox no prior "teaching" experience credit for her time as library director at Citibank; and, similarly, Board had good reason to limit Adler's credit to ten of her seventeen years with DSS. *See City of Winner v. Bechtold Inv., Inc.,* 488 N.W.2d 416, 418 (S.D.1992) (stating we will not seek reasons to reverse trial court's findings). It appears to me that Department and the majority are improperly searching for reasons to reverse the Board.

4. *Department had no authority to change claimants' salary rates.*

"[U]nder SDCL 3-18-15.2 the Director [of the Department] has authority to act only on grievances that do not involve the exercise of an executive or legislative power of the governmental agency or the performance of a governmental function." *Kierstead v. City of Rapid City,* 248 N.W.2d 363, 366 (S.D.1976). The setting of teachers' salaries is a legislative function that cannot be delegated. *Id.*

The majority attempts to equate this case to *Rininger* and differentiate it from *Kierstead* by claiming Department did not "impermissibly invade any salary-setting legisla-

tive power or governmental function." *Rininger*, 468 N.W.2d at 427 (citing *Kierstead*, 248 N.W.2d at 366). I disagree.

In *Rininger*, this court found Department had not exceeded its authority because its order did *"not in any manner change the salary he would have been paid had the District hired him."* 468 N.W.2d at 427. That is materially different from what the majority sanctions here. Department's order *changes the salaries claimants received at the time they were hired*, specifically what this court said Department had no authority to do in *Rininger*.

Majority fails to recognize that Department's order exceeds its authority and impermissibly infringes on Board's legislative power to determine teacher salaries. Again, it would seem that the majority seeks to become a "super school board" and manage the affairs of every school district in this state, rather than giving appropriate deference to the decisions of local citizens who have been given that authority by the electorate. *See Riter v. Woonsocket Sch. Dist.*, 504 N.W.2d 572, 577–79 (S.D.1993) (Miller, C.J., Henderson, J., dissenting); *Kellogg*, 479 N.W.2d at 153–155; *Rininger*, 468 N.W.2d 423, 428–430.

I am authorized to state that HENDERSON, J., joins in this dissent.