#25576-r-PER CURIAM

**2010 S.D. 82**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,               Plaintiff and Appellee,

    v.

ALEXANDER GUTNIK,                     Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE FIRST JUDICIAL CIRCUIT
CLAY COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE ARTHUR L. RUSCH
Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

KIRSTEN E. JASPER
Assistant Attorney General            Attorneys for plaintiff
Pierre, South Dakota                  and appellee.

MICHAEL A. HENDERSON
BRETT A. LOVRIEN of
Cadwell, Sanford, Deibert & Garry, LLP    Attorneys for defendant
Sioux Falls, South Dakota             and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 24, 2010

OPINION FILED **10/27/10**

PER CURIAM.

[¶1.] A magistrate court convicted Gutnik of possession of marijuana, but acquitted him of possession of drug paraphernalia. Gutnik appealed his conviction to circuit court. He filed a notice of appeal and attached a copy of the judgment, but mistakenly identified the conviction as possession of paraphernalia rather than possession of marijuana. The circuit court dismissed the appeal for lack of jurisdiction. Because notices of appeal are to be construed liberally in favor of sufficiency, we hold that the misidentification of the charge in the notice of appeal did not deprive the circuit court of appellate jurisdiction. We reverse and remand.

*Background*

[¶2.] In conjunction with an unrelated arrest, Gutnik furnished a urine sample to police that indicated the presence of marijuana. Gutnik was then charged with possession of less than two ounces of marijuana, possession of paraphernalia, and ingestion. After a trial to the magistrate court on stipulated facts, the court found Gutnik guilty of possession of less than two ounces of marijuana and not guilty of the other two charges. The court entered a single judgment and sentence that included the one conviction and the two acquittals. Gutnik attached a copy of the judgment to his notice of appeal to circuit court. The notice incorrectly identified the crime of which he had been convicted. The notice indicated that it was a "judgment and sentence of guilty to the use or possession of drug paraphernalia," rather than a judgment and sentence of guilty to possession of less than two ounces of marijuana. The notice of appeal referred to the attached

judgment, which clearly indicated the conviction for possession of less than two ounces of marijuana.

[¶3.] The State moved to dismiss the appeal for lack of jurisdiction. The circuit court determined the notice of appeal "was defective in that it erroneously designated the part of the judgment appealed from." The circuit court determined this error was a jurisdictional defect and dismissed the appeal. Gutnik appeals that dismissal to this Court.

*Decision*

[¶4.] This Court reviews issues concerning a court's jurisdiction as questions of law under the de novo standard of review. *O'Neill Farms, Inc., v. Reinert*, 2010 S.D. 25, ¶ 7, 780 N.W.2d 55, 57.

[¶5.] SDCL 15-38-23 sets forth the requirements of the notice of appeal from magistrate court as follows: "The notice of appeal shall specify the party or parties taking the appeal, shall designate the order or judgment, or part thereof, appealed from, and shall be signed by the appellant or his attorney." Gutnik acknowledges his notice of appeal mistakenly identified the wrong charge, but claims that the notice sufficiently conferred jurisdiction on the circuit court. He urges application of the rule that "notices of appeal should be liberally construed in favor of their sufficiency." *Int'l Union of Operating Eng'rs Local #49 v. Aberdeen Sch. Dist. No. 6-1*, 463 N.W.2d 843, 844 (S.D. 1991). This Court recently acknowledged the rule in *Raven Indus., Inc. v. Lee* as follows: "'[N]otices of appeal are liberally construed where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party.'" 2010 S.D. 49, ¶ 6 n.3, 783 N.W.2d 844,

847 n.3 (quoting *Walker v. Los Angeles Cnty. Metro. Transp. Auth.*, 104 P.3d 844, 847 (Cal. 2005)).  The lone South Dakota case dealing with sufficiency of a notice of appeal from magistrate to circuit court confirms this directive.  "This judgment and the notice of appeal must be tested by substance rather than by form[.]"  *Haag v. Burns*, 22 S.D. 51, 115 N.W. 104, 106 (1908).

[¶6.]        The circuit court relied on the following South Dakota cases when it dismissed the appeal for lack of jurisdiction: *Mueller v. Cedar Shores Resort, Inc.*, 2002 S.D. 38, 643 N.W.2d 56; *Schmaltz v. Nissen*, 431 N.W.2d 657 (S.D. 1988); and, *Chamberlain v. R. E. Lien, Inc.*, 521 N.W.2d 130 (S.D. 1994).  The deficiencies in those appeals differ from Gutnik's.  In two of the cases, the parties attempted to argue issues in their briefs that were not identified in either the notice of appeal or the notice of review.  *See Schmaltz*, 431 N.W.2d at 661 (determining issues failed because appellants "did not file any notice of appeal raising these issues before the Court"); *Chamberlain,* 521 N.W.2d at 131 n.1 (refusing to address issues raised in a brief because they were not included in a notice of review).  In the third case, this Court declined to address one of appellants' claims because the order of dismissal on which it was based had not been included in the notice of appeal.  *Mueller,* 2002 S.D. 38, ¶¶ 32-33, 643 N.W.2d at 67.  In each of those scenarios, this Court declined review of issues or orders not identified in the notice of review or appeal.

[¶7.]        Unlike these three cases, the deficiency in Gutnik's appeal is more akin to a typographical error.  His notice of appeal indicated that he was appealing from his judgment and sentence of guilt.  Gutnik's mistake was that he recited the

wrong charge.  Instead of the charge of which he was convicted, he recited the charge of which he was acquitted.

[¶8.]    *International Union* approved a two-step analysis to determine sufficiency of a notice of appeal:

> [I]f the intent of the appellant to appeal from a judgment may be inferred from the text of the notice and if the appellee has not been misled by the defect the appeal will be entertained.  This more liberal rule of construction is consistent with our oft repeated preference for disposition of cases on the merits and not on mere technicalities.

*Int'l Union*, 463 N.W.2d at 844.

[¶9.]    The first inquiry is whether "the intent of the appellant to appeal from a judgment may be inferred from the text of the notice."  *Id*.  Here, that is obviously the case.  Gutnik timely filed a notice of appeal.  The notice of appeal identified that he sought to appeal his judgment of guilt.  The judgment and sentence was attached.  It contained only one judgment of guilt, which was for possession of less than two ounces of marijuana.  A reasonable inference is that Gutnik intended to appeal the only charge of which he was convicted.

[¶10.]    The second inquiry is whether "the appellee has not been misled by the defect."  *Id*.  The State makes no argument it has been misled.

[¶11.]    When dealing with issues regarding the sufficiency of a notice of appeal, the general rule is that notices are to be liberally construed in favor of their sufficiency.  "Most state jurisdictions follow the rule that notices of appeal are to be liberally construed in favor of their sufficiency so long as the opposing party has not been misled to his or her irreparable harm."  5 Am.Jur.2d *Appellate Review* § 294; *see also Greensleeves, Inc. v. Smiley*, 942 A.2d 284, 291-92 (R.I. 2007) ("Finally, we

note that there is virtual unanimity among American appellate courts as to the pragmatic approach to be taken with respect to the adequacy of a notice of appeal."). This rule applies in South Dakota. *See Raven Indus., Inc.,* 2010 S.D. 49, ¶ 6 n.3, 783 N.W.2d at 847 n.3; *Int'l Union,* 463 N.W.2d at 844. The circuit court did not liberally construe the notice of appeal in favor of sufficiency. Had it, the appeal would have been allowed.

[¶12.] Reversed and remanded to allow Gutnik's appeal to proceed.

[¶13.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, MEIERHENRY, and SEVERSON, Justices, participating.